## GARCÍA v. DE LOS ANGELES.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 65.—Resuelto en junio 25, 1907.

BIENES SUJETOS Á RESERVA.—La madre, que como heredera abintestato de su hija, adquiriere bienes que ésta hubiera adquirido á su vez á título de herencia intestada de su padre, está obligada á reservar dichos bienes en favor de los parientes de su hija que estén dentro del tercer grado y pertenezcan á la línea paterna, ó sea, á la misma línea de donde procedieran los bienes.

PARTES—PERSONALIDAD—AUSENCIA DEL MARIDO—FACULTADES DE LA MUJER PARA REPRESENTARLO.—La mujer no tiene, ni puede atribuirse, la representación de su marido, ni puede comparecer en juicio en nombre y representación de su marido ausente en ignorado paradero, pues para ello es necesaria la autorización judicial, especialmente conferida con las formalidades y requisitos que la ley señala.

BIENES SUJETOS Á RESERVA—BIENES QUE DEBAN SER RESERVADOS.—La obligación de reserva impuesta por el artículo 799 del Código Civil, al ascendiente que heredare de sus descendientes bienes adquiridos por el último de otro ascendiente, comprende todos los bienes que el ascendiente hubiere heredado de su descendiente *por ministerio de la ley*, y por consiguiente la circunstancia de que en estos bienes se hubiera reconocido una cuota usufructuaria á favor del cónyuge viudo del descendiente, causante del reservista, y que éste hubiera redimido esa carga mediante el pago de cierta cantidad, no puede perjudicar los derechos de los reservatarios, ni concede al reservista título alguno de dominio sobre los mismos bienes.

ID.—INSCRIPCIÓN DEL DERECHO DE RESERVA EN EL REGISTRO—TERCEROS.—La inscripción del derecho de reserva, en el registro, no es un requisito necesario para que pueda ejercitarse por los parientes á cuyo favor lo establece la ley, sino una garantía en favor de los reservatarios, á fin de que los terceros que pretendan adquirir algún derecho sobre esos bienes, sepan la calidad de reservables que tienen y la responsabilidad que puedan contraer para con los reservatarios.

ID.—ACCIÓN CONTRA EL RESERVISTA Ó SUS SUCESORES.—Los reservatarios que no hubieren inscrito en el registro su derecho de reserva, no podrán ejercitarlo contra los terceros que hubieren adquirido los bienes como libres de quien, según el registro, era dueño de ellos y podía trasmitirlos sin peligro de ningún género, pero ésto no implica, que carezcan de acción contra el reservista, ó ascendiente obligado á reservar, ó sus sucesores, en cuyo poder se encuentren los bienes, para reclamárselos con las indemnizaciones correspondientes, pues éstos no son *terceros*, sino partes, entre las que no se extingue el derecho por falta de inscripción en el registro.

PRESCRIPCIÓN—APELACIÓN.—La prescripción de la acción no puede alegarse por primera vez ante el tribunal de apelación, sino que debe plantearse y discutirse oportunamente ante la corte inferior.

ID.—PRESCRIPCIÓN ADQUISITIVA Y EXTINTIVA DEL DOMINIO—PRESCRIPCIÓN DE LAS ACCIONES REALES.—La prescripción, como medio de adquirir el dominio, no debe confundirse con la prescripción como medio de perderlo; pues para la

adquisición del dominio es suficiente la posesión con buena fe y justo título, por el término de seis años entre presentes y ausentes, de acuerdo con la Orden General de abril 4, 1899, mientras que para perder el dominio por prescripción, ó sea para la extinción de la acción, es necesario el transcurso de treinta años sin que el dueño del inmueble la hubiera ejercitado.

Id.—Adquisición del Dominio por un Tercero.—Aunque, según artículo 1963 del antiguo Código Civil, las acciones reales sobre bienes inmuebles prescriben á los treinta años, sin embargo, si durante el transcurso de este término, un tercero hubiere adquirido el dominio, por la posesión de seis años con buena fe y justo título, de acuerdo con la Orden General citada, el verdadero dueño habría perdido su derecho por no haberlo ejercitado durante ese último término, y no podría invocar á su favor el precepto del primer apartado del artículo 1963 para pretender que su acción no se estimara prescrita, ya que la salvedad contenida en el segundo apartado de dicho artículo debe entenderse en relación con el 1957, ó sea, con la referida Orden General, que lo ha modificado.

Id.—Acción de Rescisión ó Nulidad—Operaciones Testamentarias—Personalidad de los Reservatarios.—La acción de nulidad ó rescisión de las operaciones particionales sólo puede ejercitarse dentro de los cuatro años contados desde la fecha en que se practicaran; los reservatarios de los bienes objeto de las operaciones particionales, que no hubieren adquirido su derecho de reserva en la época en que aquéllas se practicaran sino posteriormente, carecerán de acción para impugnarlas y solicitar su rescisión ó nulidad.

Id.—Nulidad de Testamento.—Los reservatarios carecen de acción para pedir la nulidad de un testamento otorgado por el reservista con todas las solemnidades legales, aun en el caso de que hubiera dispuesto en él, en favor de alguna persona, de los bienes sujetos á la reserva, pues no siendo parientes del testador, con derecho á sucederle en el todo ó en parte de sus bienes, ni teniendo ningún otro interés legítimo para combatir la eficacia de sus disposiciones, carecen absolutamente de título para impugnar su validez.

Los hechos están expresados en la opinión.

Abogado de los demandantes: *Sr. Pérez Moris.*

Abogado de los demandados: *Sr. Bosch.*

El Juez Presidente Sr. Quiñones, emitió la opinión del tribunal.

En 6 de marzo de 1886 falleció en el inmediato pueblo de Bayamón Don Manuel García Maitín, vecino y propietario del mismo pueblo, de estado casado, con Doña Beatríz Alós de los Angeles, de la que hubo una hija legitimada por subsiguiente matrimonio, denominada Doña Beatríz García y Alós.

Don Manuel García Maitín, falleció bajo las disposiciones de un testamento nuncupativo que otorgara en esta Capital, ante el notario de la misma Don Mauricio Guerra Mondragón,

en 24 de noviembre de 1873, y en el que instituía herederos de la mitad de sus bienes, á sus legítimos hermanos Don José, Don Angel, Doña Luisa, Doña Dominga y Doña Monserrate García Maitín, y de la otra mitad, á su hija natural reconocida Doña Beatríz; pero, como por su matrimonio con la madre de ésta, Doña Beatríz Alós de los Angeles, quedó aquélla legitimada de hecho y de derecho, adquiriendo desde entonces el carácter de heredera forzosa de su padre, solicitó con este motivo su madre Doña Beatríz Alós se declarara nulo el testamento en cuanto á la institución de herederos, y á su hija Doña Beatríz única y universal heredera *abintestato* de su difunto padre Don Manuel García Maitín, y así lo declaró el juez de 1ª. instancia del distrito de la catedral de esta ciudad, por auto de 6 de junio del mismo año de 1866.

Iniciado pocos meses después, á solicitud de la misma viuda Doña Beatríz Alós de los Angeles, el juicio necesario de testamentaría de su difunto esposo Don Manuel García Maitín, se practicaron simultáneamente el inventario y avalúo de los bienes, ascendiendo el caudal inventariado á la suma de 42,718 pesos 50 centavos, distribuídos en la forma siguiente: En parte del valor de la casa No. 29 de la calle de San José, de esta ciudad, 8,400 pesos; la hacienda de cañas nombrada "Santa Rosa," del barrio de Juan Sánchez, de la jurisdicción de Bayamón, compuesta de 800 cuerdas de terreno, equivalentes á 314 hectáreas, 40 áreas, con inclusión de los terrenos denominados de San José, que formaban parte de la misma hacienda; una casa alta y baja de habitación, tres casas de trapiche cobijadas de paja, con sus enseres para la molienda, etc., etc., 22,915 pesos; una casa marcada con el número 75 de la calle de San Sebastián de esta ciudad, 5,000 pesos; el ganado vacuno, 3,457 pesos 50 centavos; 7 caballos, 210 pesos; 8 carretas, 160 pesos; 3 arados, 36 pesos; los muebles de la casa mortuoria, 40 pesos; 118 cuerdas equivalentes á 46 hectáreas, 37 áreas y 40 centiáreas en el "Palmar" y sitio del "Pastillo," 2,500 pesos. Total caudal inventariado, 42,718 pesos 50 centavos.

Practicado también el inventario de las deudas ascendieron éstas á la suma de 29,700 pesos 28 centavos, según detalle que se consignó en el inventario; y practicada la cuenta de liquidación y partición del caudal, por el partidor Don Francisco N. Peña, en unión de la viuda Doña Beatríz Alós y el curador *ad litem* que se nombró á la menor heredera Doña Beatríz, Don Eduardo Rodeyro, de la que resulta que descontados del caudal inventariado ascendente, como ya se ha dicho, á la suma de 42,718 pesos 50 centavos el total montante de las deudas ascendentes á la suma de 29,700 pesos 28 centavos, quedó un líquido sobrante para la legítima de la heredera Doña Beatriz García y Alós de 13,018 pesos 22 centavos, y para cuyo pago se le adjudicaron los bienes siguientes: En el total valor de la casa No. 75 de la calle de San Sebastián de esta ciudad 5,000 pesos; en parte del valor de la hacienda "Santa Rosa" 7,822 con 22; en el valor de las 8 carretas 160 pesos; los 3 arados, 36 pesos; total 13,018 pesos 22 centavos; adjudicándose los demás bienes inventariados á la viuda Doña Beatriz Alós de los Angeles para el pago de las deudas inventariadas. No hubo gananciales.

Aprobada la cuenta de división y partición del caudal, por auto de 4 de febrero de 1887, dictado por el mismo juez de 1ª. instancia de la catedral, se protocolaron en el oficio del notario de esta Capital, Don Mauricio Guerra Mondragón, en 3 de junio del mismo año de 1887.

Doña Beatríz García y Alós contrajo luego matrimonio con Don Lorenzo Ruíz Ibarra; y habiendo ocurrido su fallecimiento, el 28 de septiembre de 1891, sin sucesión y sin haber otorgado disposición testamentaria, solicitó su madre, Doña Beatríz Alós de los Angeles, se la declarara heredera de su difunta hija, y así lo declaró el juzgado de 1ª. instancia de la catedral por auto de 1º. de julio de 1892, "sin perjuicio de tercero y con reserva de la porción legítima correspondiente al viudo Don Lorenzo Ruíz Ibarra, en la forma y cantidad

determinadas por el artículo 836 del Código Civil entonces vigente.''

A la muerte de Doña Beatríz García, no se hizo inventario ni divisoria de sus bienes, y habiéndole cedido el viudo Don Lorenzo Ruíz Ibarra á Doña Beatríz Alós de los Angeles, las acciones y derechos que le correspondían sobre la herencia de su difunta esposa, en la suma de 8,000 pesos mejicanos, inscribió á su favor Doña Beatríz Alós en el Registro de la Propiedad de esta Capital, los bienes que dejara á su falle-cimiento su hija Da. Beatríz García, consistentes en la par-ticipación que le correspondiera por herencia de su padre Don Manuel García Maitín, en la hacienda "Santa Rosa," mon-tante á la suma de 7,822 pesos 22 centavos, y la casa No. 75 de la calle de San Sebastián de esta ciudad, que también heredara de su difunto padre Don Manuel.

De los bienes que constituían el caudal relicto al falleci-miento de Don Manuel García Maitín, y que vinieron á poder de su viuda Doña Beatríz Alós de los Angeles, unos, por adju-dicación para pago de las deudas de su difunto marido, y los otros, por herencia de su hija Doña Beatríz García, vendió la madre de ésta, Doña Beatríz Alós de los Angeles, la estancia titulada el "Pastillo" á Don Ramón Valdés, y la casa No. 75 de la calle de San Sebastián, á Don José Caldas, habiendo arrendado también la hacienda "Santa Rosa" á Don Ignacio Rosales.

En 18 de septiembre de 1904, falleció á su vez en el pueblo de Bayamón Doña Beatríz Alós de los Angeles, viuda de Gar-cía Maitín, bajo testamento, en el cual, entre otras disposi-ciones, instituyó por heredera de una tercera parte de sus bienes, á su madre Doña Beatríz de los Angeles, viuda de Alós, residente en España, y en las otras dos terceras partes, á sus sobrinos menores de edad Da. María, Don Luis y Don Manuel Quijano y Alós, representados por su legítimo padre Don José Quijano y Lasuer.

Ocurrido el fallecimiento de Doña Beatríz Alós de los Angeles, como ya se ha dicho, el 18 de septiembre de 1904, á los pocos meses después, ó sea el 24 de octubre del mismo año, el abogado Don Nemesio Pérez Moris, á nombre de Doña Dominga y Doña Monserrate García Maitín, y de Doña Ana Marién Dávila, en representación de su esposo ausente en ignorado paradero, Don Angel García Maitín, legítimos hermanos del difunto Don Manuel de los mismos apellidos, entabló la demanda origen de este pleito, que enmendó después el 28 de abril del año siguiente, en la que haciendo relación de los antecedentes expuestos, é impugnando, además, como fraudulentas las operaciones divisorias de la testamentaría de Don Manuel García Maitín, por haberse supuesto deudas que no existían, y para cuyo pago se habían adjudicado ilegalmente á la viuda la mayor parte de los bienes de la herencia, disminuídos de su verdadero valor considerablemente; y haciendo uso del derecho que creían tener, con arreglo al artículo 799 del Código Civil, revisado, concordante con el 811 del antiguo, y según el cual debían estimarse reservables á su favor los bienes heredados por Doña Beatríz García y Alós, de su padre Don Mánuel García Maitín y que por fallecimiento de aquélla habían pasado por ministerio de la ley á su madre Doña Beatríz Alós de los Angeles, por ser parientes dentro del tercer grado civil de la difunta Doña Beatríz García, y de la misma línea de donde dichos bienes procedían, concluyó suplicando al tribunal que, teniendo por presentada dicha demanda enmendada, se sirviera. ordenar la citación personal de Don Ricardo Vela, Albacea testamentario nombrado en primer término por Da. Beatríz Alós de los Angeles y la de Don José Quijano, en representación de sus menores hijos, instituídos herederos por dicha señora, y por edictos las de los demás herederos instituídos en el testamento, así como la de la Sucesión de José Caldas y Caldas, la del adquirente de la participación ó condominio atribuído á Doña Beatríz Alós en la casa número 29 de la calle de San José, de esta

Capital, y la de los demás interesados ó adquirentes de bienes procedentes de la herencia de Don Manuel García Maitín, y en su día declarar:

"1º. Que es nulo el testamento otorgado por Doña Beatríz Alós de los Angeles en cuanto á la disposición que hace en él de los bienes, cuya propiedad, por ministerio de la ley, corresponde íntegramente á los hermanos legítimos sobrevivientes de Don Manuel García Maitín.

"2º. Que son propiedad de Doña Monserrate, Doña Dominga y Don Angel García Maitín los bienes heredados por Doña Beatríz Alós de su hija Doña Beatríz García y Alós, que ésta á su vez había heredado de su padre Don Manuel, según las operaciones divisorias del caudal relicto á la muerte del referido Don Manuel García Maitín, ó sea un condominio valuado en siete mil ochocientos veinte y dos pesos veinte y dos centavos en la hacienda "Santa Rosa," ya descrita, la casa número setenta y cinco de la calle de San Sebastián, de esta Capital, ocho carretas y tres arados.

"3º. Que son nulas las operaciones particionales de la herencia de Don Manuel García Maitín, especialmente en cuanto al avalúo de bienes, omisiones en el inventario de éstos y en cuanto al inventario de deudas en aquéllos formulados con excepción de los réditos de censos allí reconocidos y no redimidos, y de los gastos de entierro y testamentaría.

"4º. Que en consecuencia han constituído la herencia de Doña Beatríz García y Alós y hoy corresponden á los hermanos García Maitín el dominio total de la hacienda "Santa Rosa," y la propiedad de los demás bienes inventariados y descritos en el hecho trece de la demanda.

"5º. Que son nulas ó han quedado resueltas desde la muerte de Doña Beatríz Alós las enagenaciones hechas por esta señora de la estancia "El Pastillo" del condominio de la casa número veinte y nueve de la calle de San José, de esta Capital, de la casa número setenta y cinco de la calle de San Sebastián también de esta Capital, y, en general, las de los demás bienes componentes de la herencia de Don Manuel García Maitín, siendo igualmente nulos ó declarándose extinguidos los gravámenes que haya podido constituir sobre los referidos bienes.

"6º. Que la propiedad de estos bienes enajenados ó gravados corresponde libre é íntegramente á los demandantes, ó sea, á los hermanos García Maitín.

"7°. Que están obligados los herederos de Da. Beatríz Alós á devolver y entregar á los demandantes los bienes muebles y semovientes de la herencia de Don Manuel García Maitín, y otros ó su importe, en los términos establecidos para el usufructuario.

"8°. Que los frutos pendientes al fallecimiento de· Doña Beatríz Alós de todos los bienes del Sr. García Maitín y las accesiones de los mismos corresponden á las demandantes."

Los demandados Doña Beatríz de los Ángeles, viuda de Alós, una de las heredera instituídas en su testamento por su hija Doña Beatríz Alós de los Angeles, la Sucesión de Don José Caldas, compuesta de sus hijos Doña Angela, Doña Carolina y Don Francisco Caldas, Don Ramón Valdés y Don José Quijano, por su propio derecho y en representación de sus hijos menores Da. María, Don Luis y Don Manuel Quijano y Alós, por conducto de sus respectivos abogados, contestaron la demanda oponiéndose, y pidiendo se desestimara con las costas, por las razones y fundamentos legales que estimaron pertinentes á su derecho.

Señalado día para el juicio y recibidas las pruebas, la Corte, después de oir las alegaciones de los abogados de las partes, dictó la siguiente sentencia:

"Número 212. *Monserrate García Maitín y otros* v. *Ricardo Vela y otros.* Sobre nulidad de testamento y contrato y reivindicación de bienes. El día 3 de noviembre de 1905 se llamó este pleito para la vista por su orden de señalamiento y comparecieron las partes por medio de sus abogados y anunciaron que se encontraban listas para juicio. Acto seguido las partes hicieron sus alegaciones por su orden, presentaron sus pruebas que se practicaron debidamente, quedando pendiente sólo la declaración de un testigo. Y el día once de noviembre de 1905 y en corte abierta volvió á llamarse el caso, para continuar la vista y comparecieron ambas partes por medio de sus abogados y anunciaron estar listas. Acto seguido se practicó la prueba que faltaba y las partes informaron oralmente, presentando luego sus alegatos por escrito.

"Y la corte, oídas las alegaciones, las pruebas y los informes y habiendo considerado debidamente el caso, resuelve que debe dictar como dicta su sentencia con los siguientes pronunciamientos: Que debe

condenar como condena á los demandados herederos de Doña Beatríz Alós, á saber: Beatríz de los Angeles, viuda de Alós, y María, Luis y Manuel Quijano y Alós á que dentro de tercero día entreguen á los demandantes Monserrate y Dominga García Maitín los bienes heredados por la dicha Señora Beatríz Alós de su hija Doña Beatríz García y Alós, bienes que á su vez había adquirido ésta á título de herencia de su padre Don Manuel García Maitín y que tienen el carácter de reservables á favor de dichos demandantes Monserrate y Dominga García Maitín, hermanas de dicho Don Manuel García Maitín, y que han acreditado, á juicio de la corte, que son los únicos parientes del tercer grado que viven en la actualidad y que pertenecen á la línea de donde los bienes proceden.

"Y los bienes que se mandan entregar á sus legítimos dueños, son los siguientes:

"(a) Un condominio de $7,822.22 moneda. mexicana en un valor total de 22,915 mexicanos en la hacienda Santa Rosa, del barrio de Juan Sánchez, compuesta de 800 cuerdas de terreno, equivalentes á 314 hectáreas y 40 áreas, con su casa alta y baja de habitación, tres casas trapiche cobijadas de paja con sus enseres de molienda, incluyendose en el perímetro de la hacienda los nombrados San José, por estar formando parte de la misma, y cuya hacienda colinda por el Norte, con la estancia Pueblo Viejo propiedad de la Sucesión ———— ————, por el Sud, con la Sucesión de Anastasio Maysonet, por el Este, con la Sucesión de Antonio Cabranes y por el Oeste, Nicasio Quiñones y el río; y

"(b) La casa número 75 de la calle de San Sebastián de esta ciudad, lindante por la derecha entrando, con Doña Antonia Loredo, por su izquierda, con el cuerpo de Guardia y por sus fondos, con el Recinto norte, valorada en cinco mil pesos.

"Y como la casa número 75 de la calle de San Sebastián que se manda devolver, fué vendida por la Doña Beatríz Alós, entréguese en vez de ella su importe, previa tasación de tres peritos, uno que designarán los demandantes, otros los demandados y otro la corte, aceptándose el dictamen de la mayoría si es que no fuera unánime y la corte resuelve además no haber lugar á conceder las otras medidas solicitadas en la demanda. Las costas se imponen á los demandados herederos de Doña Beatríz Alós.

"Líbrese ejecución para satisfacer esta sentencia que se registrará en el libro de sentencias de esta corte.

"Pronunciada en corte abierta el día 30 de marzo de 1906.

"Registrada hoy 31 de marzo de 1906.—Emilio del Toro, Juez."

Contra esta sentencia interpusieron apelación el abogado Don Nemesio Pérez Moris, á nombre de las demandantes Doña Dominga y Doña Monserrate García Maitín y Doña Ana Marién Dávila, como representante de su esposo Don Angel García Maitín, y el abogado Don Wenceslao Bosch, á nombre de la demandada Doña Beatríz de los Angeles, viuda de Alós; y elevadas á esta superioridad las transcripciones del récord con la relación de hechos y pliegos de errores formulados por la representación de las demandantes, y el pliego de excepciones de la demandada, también apelante, Doña Beatriz de los Angeles Alós, aprobados todos por el Juez de la corte sentenciadora, presentaron las partes sus respectivos alegatos, y se señaló día para la vista, en cuyo acto informaron los Abogados defensores de las partes, todo lo que estimaron pertinente al derecho de sus respectivos clientes.

Sentados estos antecedentes, pasemos ahora, al examen de las cuestiones que se ventilan en estos autos, todas las cuales giran y se desenvuelven alrededor del artículo 811 del antiguo Código Civil, concordante con el 799 del Código Civil vigente. Este artículo 799 del Código Civil que nos rige, ha sido derogado por la Ley de la Asamblea Legislativa aprobada en 8 de marzo de 1906; pero esto no influye en la resolución de las cuestiones que se ventilan en este litigio por tratarse de derechos adquiridos bajo el régimen del Código Civil anterior, y que no pueden considerarse extinguidos por la citada ley de la Asamblea Legislativa, porque sólo era aplicable desde la fecha de su aprobación, ó sea, desde el 8 de marzo del año próximo pasado y que no tiene efecto retroactivo, á tenor de lo que establece el artículo 3º. del mismo Código Civil revisado que nos rige.

Ahora bien; el artículo 811 del antiguo Código Civil, concordante del 799 del moderno, que ha sido derogado, decía así:

"El ascendiente que heredare de su descendiente bienes que éste hubiere adquirido por título lucrativo de otro ascendiente, ó de un

hermano, se halla obligado á reservar los que hubiere adquirido por ministerio de la ley, en favor de los parientes que estén dentro del tercer grado, y pertenezcan á la línea de donde los bienes procedan.''

¿Se realizan esas condiciones en el caso presente?

¿Han probado las demandantes su derecho á tenor de las condiciones exigidas por el citado artículo 811 del antiguo Código Civil?

En cuanto á Doña Dominga y Doña Monserrate García Maitín, que son dos de las demandantes, nos parece que sí, porque respecto de ellas se dan todas las condiciones exigidas para la existencia de la reserva establecida por el citado artículo del Código, toda vez que los bienes de que se trata fueron adquiridos por Doña Beatríz Alós de los Angeles, por ministerio de la ley, como heredera abintestato de su hija Doña Beatríz García y Alós, que los había adquirido á su vez á título gratuito, ó sea por herencia intestada, de su padre Don Manuel García Maitín, y que se ejercita el derecho de reserva, precisamente por dos parientes constituídos dentro del tercer grado de parentesco con Doña Beatríz García-y Alós, á cuyo fallecimiento se originó la obligación de reservar impuesta por la ley á su madre y heredera Doña Beatríz Alós de los Angeles, y cuyos parientes pertenecen á la misma línea de que proceden los bienes que se reclaman; que son las condiciones que se requerían por el citado artículo 811 del antiguo Código Civil para que pudiera ejercitarse la reserva troncal ó lineal, que de ambas maneras la llaman los autores, establecida por primera vez en la legislación española por el artículo 811 del antiguo Código Civil, de donde pasó con el No. 799 al que en la actualidad nos rige.

Esto, por lo que respecta á las demandantes Doña Dominga y Doña Monserrate García Maitín; mas no sucede así por lo que hace á su otro hermano Don Angel de los mismos apellidos, que no ha comparecido por sí, ni por medio de un representante legítimo, y cuya existencia no se ha comprobado de una manera satisfactoria, pues habiéndose ausentado

de esta Isla hace más de 30 años, no se ha vuelto á saber de él, ni de su paradero; y si bien ha comparecido en su representación su esposa Doña Ana Marién y Dávila, esa representación no puede admitirse, porque ni la ley atribuye á la mujer casada la representación de su marido, sino en casos muy excepcionales, de los cuales no se trata en el presente caso, ni la habilitación que el juez le ha conferido á Doña Ana Marién y que ésta acredita, no la autoriza para otra cosa, que para comparecer en juicio en su propia representación, pero nó en nombre y representación de su marido ausente, para lo cual necesitaba de una autorización especial del juez expedida con las formalidades y requisitos correspondientes.

Hay, pues, que eliminar de estos autos, á Don Angel García Maitín que no ha comparecido á ejercitar sus derechos, por sí, ni por medio de representante legítimo.

Otra cosa sucede respecto de sus hermanas Doña Dominga y Da. Monserrate García Maitín. Estas han comparecido por conducto de su abogado defensor Don Nemesio Pérez Moris, autorizado competentemente por medio de un poder en forma, otorgado á su favor en la villa y corte de Madrid, ante un notario competente, y legalizado por el representante de los Estados Unidos en aquella corte, y que han probado su derecho por medio de sus correspondientes partidas de bautismo, que las acreditan como hermanas germanas del difunto Don Manuel García Maitín, y, por consiguiente, parientes dentro del tercer grado civil con la difunta Doña Beatríz García y Alós, y que pertenecen á la misma línea de que proceden los bienes, cuya propiedad se reclama, ó sea, á la línea paterna de la Doña Beatríz García y Alós, como hermanas de su difunto padre Don Manuel que hemos dicho antes, son las condiciones que se requerían por el artículo 811 del Código Civil antiguo para que naciera y pudiera ejercitarse el derecho de la reserva troncal ó lineal de que se trata, y que sirve de base á la demanda establecida en estos autos.

Pero, ¿cuáles son, en el presente caso, los bienes que tienen derecho á reclamar como reservables á su favor, las demandantes Doña Dominga y Doña Monserrate García Maitín?

Sobre este particular declara la sentencia pronunciada por el juez de la Corte de Distrito de San Juan, que son los que heredara Doña Beatríz Alós de los Angeles de su difunta hija Doña Beatríz García y Alós y que ésta había adquirido á su vez por herencia intestada de su difunto padre Don Manuel García Maitín; ó sea un condominio de 7, 822 pesos 22 centavos moneda mejicana en el total valor de la hacienda "Santa Rosa," radicada en el barrio de Juan Sánchez, del término municipal de Bayamón, y la casa número 75 de la calle de San Sebastián, de esta ciudad, valorada en 5,000 pesos, pero que como esta casa había sido vendida por Doña Beatríz Alós de los Angeles se entregara por los demandados su importe, previa tasación pericial en la forma que en la misma sentencia se determina.

Empero sobre este particular de la sentencia versa precisamente una de las impugnaciones más fuertes que se hacen contra ella por la representación de la demandada y apelante Doña Beatríz de los Angeles, viuda de Alós, una de las herederas instituídas en su testamento por la difunta Doña Beatríz Alós de los Angeles.

Dice sobre este particular la ilustrada representación de dicha parte apelante en su alegato, reproduciendo lo que ya había dicho sobre el mismo asunto en su escrito de contestación á la demanda, que si bien la reservista Doña Beatríz Alós de los Angeles había sido declarada heredera abintestato de su hija Doña Beatríz García y Alós, no lo había sido en absoluto de todos sus bienes, sino á reserva de la porción legítima que le correspondía al cónyuge viudo Don Lorenzo Ruíz Ibarra, sobre una tercera parte del caudal hereditario de su difunta esposa Doña Beatríz García y Alós, y cuya porción legítima debía descontarse del total montante de dicho caudal hereditario, para fijar la herencia líquida que le correspondía á Doña Beatríz Alós de los Angeles, como heredera abintes-

tata de su citada hija Doña Beatríz García y Alós, y por consiguiente, que los bienes que en todo caso debía reservar Doña Beatríz Alós de los Angeles á los parientes dentro del tercer grado de la línea paterna de su citada hija, no eran todos los que constituían el caudal hereditario de ésta, sino la parte líquida que le correspondiera, descontada la tercera parte que constituía la porción legítima del cónyuge viudo Don Lorenzo Ruíz Ibarra; y como esta liquidación no había llegado nunca á practicarse, sino que Doña Beatríz Alós se había apoderado de todos los bienes de su hija y los había inscrito á su nombre en el registro de la propiedad, sin determinar, como se lo ordenaba el artículo 199 de la Ley Hipotecaria en relación con el 201 del Reglamento, cuáles debían considerarse reservables y su valor respectivo, resulta de ahí que existe una verdadera confusión que no permite determinar en el presente caso, ni la cuantía, ni la especificación de los bienes que puedan corresponder á los reservatarios Doña Dominga y Doña Monserrate García Maitín, y que obsta, por consiguiente, para que éstas puedan ejercitar válidamente el derecho que han ejercitado en la demanda.

Empero esta argumentación de la defensa de Doña Beatríz de los Angeles, viuda de Alós, carece de base y fundamento sólidos.

Según el artículo 811 del antiguo Código Civil, que ya regía en esta Isla en el año de 1891, cuando murió Da. Beatriz García y Alós, el ascendiente que heredaba de su descendiente, bienes que éste hubiere recibido á título gratuito de otro ascendiente ó de un hermano, se hallaba obligado á reservar *los que hubiere adquirido por ministerio de la ley,* en favor de los parientes dentro del tercer grado y que pertenecieran á la misma línea de donde los bienes procedían.

Según este artículo, los bienes que Doña Beatríz Alós de los Angeles estaba obligada á reservar en favor de los parientes dentro del tercer grado de su hija Doña Beatríz García y Alós, eran, pues, los que hubiere heredado *de ésta por ministerio de la ley,* y como los bienes que heredó Doña Beatríz

Alós de su hija Doña Beatríz García, por ministerio de la ley, eran todos los que constituían el caudal hereditario de su dicha hija, porque como única heredera abintestato de ésta, la heredaba en todos sus bienes por expresa disposición de la ley, sin deducción de ningún género, porque la cuota reservada al cónyuge viudo Don Lorenzo Ruíz Ibarra, no le atribuía la propiedad de ninguno de esos bienes, sino el usufructo de una tercera parte de la herencia de su difunta esposa, ó sea el derecho de percibir una tercera parte de sus frutos durante su vida, pero permaneciendo íntegra la propiedad de todos los bienes de la herencia en favor de la heredera Doña Beatríz Alós de los Angeles, sin perjuicio del derecho de ésta para redimir la carga del usufructo, en la forma que más conviniera á sus intereses, pero sin perjudicar en los más mínimo los derechos de los parientes, en cuyo favor debía reservar la propiedad de aquellos bienes, luego es evidente que la obligación de reservar impuesta por la ley á la citada Doña Beatríz Alós de los Angeles, comprendía todos los bienes que había heredado de su difunta hija Doña Beatríz García y Alós, y que eran precisamente los mismos que ésta había adquirido por herencia intestada de su padre Don Manuel García Maitín, puesto que no se ha probado que poseyera otros más, con la sola excepción de las carretas y los arados que se le adjudicaron en su hijuela, y que no se sabe si existían ó nó en su poder el día de su fallecimiento.

Estamos, pues, enteramente de acuerdo sobre este particular con la sentencia pronunciada por el juez de la Corte del Distrito de San Juan, al declarar que los bienes que deben entregarse á las demandantes Doña Dominga y Doña Monserrate García Maitín, son los que heredara Doña Beatríz Alós de los Angeles de su hija Doña Beatriz García y Alós y que ésta había adquirido á su vez por herencia intestada de su difunto padre Don Manuel García Maitín; ó sea la casa número 75 de la calle de San Sebastián de esta ciudad, y su participación en la hacienda "Santa Rosa," que consta acreditado en estos autos por los asientos del Registro de la Pro-

piedad de esta Capital, que Doña Beatríz Alós los inscribió á su favor por herencia abintestato de su citada hija Da. Beatríz García y Alós.

Y no se arguya que no habiendo promovido Doña Beatríz Alós, ni las hermanas García Maitín, demandantes en este pleito, el expediente prevenido por el artículo 199 de la Ley Hipotecaria y sus concordantes del Reglamento, para hacer constar en el registro de la propiedad la calidad de reservables de esos bienes, no pueden reclamarlos hoy con ese carácter; pues si bien aquel expediente tiene por objeto hacer constar en el registro cuáles son los bienes que comprende la reserva y su valor, esto no lo exige la ley como un requisito necesario para que pueda ejercitarse el derecho de la reserva por los parientes, á cuyo favor lo establece la ley, sino como una garantía que la Ley Hipotecaria ha querido establecer en favor de los mismos reservatarios, para que los terceros que pretendan adquirir algún derecho sobre esos bienes, sepan la calidad de reservables que tienen y la responsabilidad que puedan contraer para con la persona ó personas, á cuyo favor resulte establecida la reserva.

Es claro que si no se ha inscrito en el registro la reserva, los reservatarios no podrán ejercitar su derecho contra los terceros que hubieren adquirido los bienes como libres de quien ó quienes en el registro aparecían como dueños, y por consiguiente, con derecho para trasmitírselos sin peligro de ningún género; pero esto no quiere decir que por no haber inscrito la reserva en el registro, carezcan los interesados de acción contra el ascendiente obligado á reservar, ó sus sucesores, en cuyo poder se encuentren los bienes, para reclamárselos con las indenmnizaciones correspondientes en su caso, porque aquéllos no son terceros en el sentido de la ley hipotecaria respecto de los parientes, en cuyo favor establece la ley la reserva, y es sabido que entre las partes no se extingue el derecho, porque éste no se haya inscrito en el registro de la propiedad.

Por lo demás, ya hemos dicho y repetimos, que la inscripción de la reserva en el registro no es lo que da el derecho á los parientes para reclamarla, y que reconoce su origen en la ley misma, sino la garantía que la Ley Hipotecaria establece en favor de los reservatarios, para hacer efectivo su derecho en perjuicio de tercero; y por consiguiente, aunque la reserva no se haya inscrito, ni se hayan cumplido los demás requisitos que la Ley Hipotecaria establece para hacerla constar en el registro, esto no obsta para que las hermanas Doña Dominga y Doña Monserrate García Maitín puedan hacer valer su derecho contra Doña Beatríz Alós de los Angeles y sus sucesores en el presente caso.

Otro de los argumentos que se deducen por la defensa de la apelante Doña Beatríz de los Angeles, viuda de Alós, contra la demanda de Doña Dominga y Doña Monserrate García Maitín, y por consiguiente, contra la sentencia dictada en estos autos por la Corte de Distrito de San Juan, que en este extremo accede á las pretensiones de las demandantes, es el que se refiere á la extinción, por prescripción, del derecho de reserva que ejercitan dichas hermanas, por no haberlo reclamado durante todo el tiempo transcurrido desde el 28 de septiembre de 1891, en que murió Doña Beatríz García y Alós, y en que nació el derecho de reserva á favor de los parientes dentro del tercer grado de la Doña Beatríz por la línea paterna, hasta el 29 de octubre de 1904, en que se presentó la demanda en este pleito, ó sea durante más de 14 años, tiempo más que suficiente para que deba considerarse extinguida por prescripción la acción deducida por las demandantes, á tenor de lo preceptuado por el artículo 1957 del Código Civil Español, reformado por la O. G. de 4 de abril de 1899, en harmonía con el artículo 1963 de dicho Código Civil Español.

Es decir, que se supone extinguida por prescripción la acción deducida por Doña Dominga y Doña Monserrate García Maitín por no haber hecho uso de la reserva en un período

mucho mayor de los seis años que fijó la Orden General de 4 de abril de 1899 para la prescripción ordinaria del dominio y demás derechos reales sobre bienes inmuebles.

Empero esta excepción, que ha sido propuesta por primera vez en el alegato presentado ante esta Corte Suprema por la representación de la apelante Doña Beatríz de los Angeles Alós, no puede tomarse en consideración, toda vez que no habiendo sido alegada oportunamente en el escrito de contestación á la demanda, en la forma y de la manera prescritas por el artículo 128 del vigente Código de Enjuiciamiento Civil, no puede ser discutida ni resuelta en esta segunda instancia.

En el inferior se alegó sí repetidas veces por las defensas de los demandados, que ni Doña Dominga, ni Doña Monserrate García Maitín, ni su otro hermano Don Angel, se habían cuidado nunca de exigir la constitución de la hipoteca y la inscripción de la reserva en el registro de la propiedad, á tenor de lo establecido en los artículos 168 y 199 de la Ley Hipotecaria y sus concordantes desde el 201 al 206 del Reglamento; pero esto para combatir la eficacia que pudiera tener el derecho de reserva ejercitado en la demanda por los hermanos García Maitín, contra los terceros que de buena fe, é ignorando que los bienes tuvieran la calidad de reservables, por no haberse hecho constar en el registro, hubieran adquirido algún derecho sobre ellos; pero nó para impugnar la demanda, en el sentido de haber prescrito la acción en ella deducida, por no haberla ejercitado los demandantes, dentro de los 14 años transcurridos desde el fallecimiento de Doña Beatríz García y Alós, en 28 de septiembre de 1891, en que nació la obligación de reservar impuesta por la ley á su madre Da. Beatriz Alós de los Angeles, al aceptar la herencia intestada de su hija, hasta la presentación de la demanda en 12 de noviembre de 1904, tiempo más que suficiente para estimar prescrita la acción, con arreglo á la Orden General de 4 de abril de 1899, que fijó en seis años el tiempo para la prescripción ordinaria del dominio y demás derechos reales sobre bienes

inmuebles, y por consiguiente, para la extinción de los mismos derechos por prescripción cuando no se ejercitaban dentro de igual término, que es lo que se alega por la representación de la demandada y apelante Doña Beatríz de los Angeles, viuda de Alós.

Empero supongamos que pudiera discutirse en esta segunda instancia aquella excepción no propuesta en la primera; aún así, no podría ser admitida para desestimarse la demanda.

No puede confundirse la prescripción como medio de adquirir el dominio con la prescripción como medio de perderlo. Para lo primero, bastaba, con arreglo al artículo 1957 del Código Civil antiguo, la posesión con buena fe y justo título, por el término de 10 años entre presente y 20 entre ausentes, mas para lo segundo, ó sea, para que se entendiera prescrita la acción, era necesario que hubieran transcurrido 30 años sin haberla ejercitado el dueño del inmueble, con arreglo al artículo 1963 del propio Código. Pero como podía suceder que durante el transcurso de este último término, un tercero hubiera adquirido el dominio por la posesión de 10 años entre presentes ó 20 entre ausentes, con buena fe y justo título, á tenor de lo prescrito en el artículo 1957, en este caso es claro que el verdadero dueño habría perdido su derecho por no haberlo ejercitado durante aquel tiempo y que no podría invocar á su favor el precepto del artículo 1963 para pretender que su acción no se entendiera prescrita por no haber tanscurrido los 30 años.

Por eso el artículo 1963 que acabamos de citar, después de consignar en su primer párrafo, que las acciones reales sobre bienes inmuebles prescriben á los 30 años, en su segundo apartado establece la salvedad de que, *esto debe entenderse sin perjuicio de lo establecido para la adquisición del dominio y demás derechos reales por prescripción;* aludiendo seguramente al artículo 1957 que fijaba 10 en años entre presentes y 20 entre ausentes, con buena fe y justo

título, el tiempo para la prescripción ordinaria del dominio y demás derechos reales sobre bienes inmuebles.

Pero vino luego la Orden General de 4 de abril de 1899, que modificó el artículo 1957 del Código Civil, reduciendo á 6 años entre presentes y ausentes, el término para la prescripción ordinaria del dominio y demás derechos reales, con buena fe y justo título, pero sin modificar, ni alterar en lo más mínimo el otro artículo 1963 que fijaba para la prescripción de las acciones reales sobre bienes inmuebles el término de 30 años, el que continuó vigente, aunque siempre con la salvedad establecida en su segundo apartado, respecto á lo dispuesto sobre la adquisición del dominio y demás derechos reales por prescripción, salvedad que, después de la publicación de la citada Orden General, es claro que debía entenderse en relación á lo establecido por la misma sobre la adquisición del dominio y demás derechos reales sobre bienes inmuebles, por la posesión de 6 años con buena fe y justo título; pero como en el presente caso no se alega la prescripción como medio de adquirir el dominio, ni ningún otro derecho real, sino la prescripción de la acción real de dominio que se ejercita en la demanda, tenemos entonces que las demandantes Doña Dominga y Doña Monserrate García Maitín no han perdido por prescripción la acción de dominio que ejercitan en su demanda, toda vez que desde el año de 1891, en que murió Doña Beatríz García y Alós y la heredó su madre Doña Beatriz Alós de los Angeles, naciendo en ésta la obligación de reservar que le imponía el artículo 811 del Código Civil, que entonces regía, hasta el día en que se presentó la demanda, no han transcurrido los 30 años que fijaba el artículo 1963 del antiguo Código, concordante con el 1864 del vigente, para la prescripción de la acción de dominio y demás derechos reales.

Esto sentado, pasemos ahora á ocuparnos de las otras cuestiones que se plantean en su alegato por la representación de las apelantes Doña Dominga y Doña Monserrate Gar-

cía Maitín, que por haber sido propuestas y discutidas oportunamente en la 1ª. instancia, pueden ser discutidas y resueltas en la presente.

Impugnan dichas apelantes la sentencia, entre otras razones, por haberse limitado el juez á declarar que debían entregarse á las demandantes, sólo los bienes que había heredado Doña Beatríz García y Alós de su padre Don Manuel García Maitín, ó sea, los que se le habían adjudicado en su hijuela, montantes á la suma de 13,018 pesos 22 centavos, que se describen en la misma sentencia, y no todos los demás que constituían el caudal de Don Manuel García Maitín, que según sostienen las demandantes, habían pasado sin deducción de ninguna especie, á su hija Doña Beatríz, por ministerio de la ley. Mas como para esto sería necesario anular y dejar sin efecto las operaciones testamentarias practicadas al fallecimiento de Don Manuel García Maitín, que fueron aprobadas por auto del juez de 1ª. instancia de la catedral de esta ciudad, de 4 de febrero de 1887, y esto no pueden pretenderlo las demandantes Doña Dominga y Doña Monserrate García Maitín, porque habiendo quedado ejecutoriadas aquellas particiones por haber transcurrido los 4 años que establecía al artículo 1074 del Código Civil entonces vigente, para que hubieran podido ser impugnadas por la única persona que podía hacerlo, que lo era la heredera Doña Beatríz García y Alós, y ésta no lo verificó nunca, ni antes, ni después de haber contraído matrimonio con Don Lorenzo Ruíz Ibarra , el que hubiera podido hacerlo en representación de los derechos de su esposa, es claro que, esas operaciones particionales de la testamentaría de Don Manuel García Maitín, no pueden ser impugnadas hoy por las demandantes, que al fallecimiento de su hermano Don Manuel, y al ser aprobadas dichas particiones, no habían adquirido todavía ningún derecho de reserva sobre sus bienes, toda vez que ni se había publicado el Código Civil que la estableció por primera vez, en su artículo 811, y que no comenzó á regir en esta isla hasta el año de 1889, ni todavía en esta fecha había nacido para ellas aquel derecho, puesto

que no lo vinieron á adquirir hasta el 28 de septiembre de 1891, en que ocurrió el fallecimiento intestado de su sobrina Doña Beatríz García, y que pasaron sus bienes á su madre Doña Beatríz Alós de los Angeles, desde cuya fecha, hasta la interposición de la demanda, han transcurrido cerca de 14 años, tiempo más que suficiente para la prescripción de la acción de nulidad de los contratos, que sólo duraba 4 años, con arreglo al artículo 1301 del Código Civil antiguo, caso de que en aquella fecha hubieran podido impugnar las particiones, que habían quedado ejecutoriadas por el consentimiento de la única persona que podía combatirlas.

Tampoco tienen más valor las alegaciones que se hacen por las demandantes y apelantes, para combatir las ventas y demás contratos celebrados por Doña Beatríz Alós de los Angeles, respecto de los bienes heredados por Da. Beatriz García de su padre Don Manuel García Maitín, y que tenían realmente la calidad de reservables en favor de las demandantes, así como respecto de todos los demás bienes que se adjudicaron á Doña Beatríz Alós de los Angeles para el pago de las bajas de la testamentaría de su difunto esposo, toda vez que, no habiendo practicado las demandantes gestión alguna para la inscripción de la reserva en el registro de la propiedad, no puede perjudicar á los terceros que adquirieron esos bienes de Doña Beatríz Alós de los Angeles, que los tenía inscritos á su nombre, y que podía, por consiguiente, trasmitírselos sin ninguna responsabilidad, á tenor de lo que prescribe el artículo 34 de la Ley Hipotecaria que nos rige, salvo la obligación impuesta á la reservista Doña Beatríz Alós, de indemnizar á los reservatarios del valor de los bienes que hubiere enajenado, á tenor de lo prescrito sobre el particular por el artículo 38 de la misma ley, del cual ha hecho el juez de la Corte de Distrito de San Juan justa aplicación en su sentencia, al disponer que los demandados, herederos de Doña Beatríz Alós de los Angeles, indemnicen á las demandantes Doña Dominga y Doña Monserrate García Maitín, del valor de la casa número 75 de la calle de San Sebastián, que no puede

serles devuelta por haberla enajenado la expresada Doña Beatríz á Don José Caldas, cuyo título no puede revocarse por haberlo adquirido de quién en el registro aparecía con derecho para trasmitírselo.

Otro tanto es de decirse respecto á la declaratoria de nulidad que pretenden las demandantes, del testamento bajo que falleció Doña Beatríz Alós de los Angeles, por haber dispuesto en él de bienes que no le correspondían en propiedad; pues aparte de que no es cierto el hecho en que se funda esta alegación, porque Doña Beatríz Alós no ha dispuesto en favor de persona alguna de los bienes en que consiste la reserva, ni aunque lo hubiere hecho, sería esto motivo bastante para pedir la nulidad de un testamento otorgado con todas las solemnidades legales, máxime cuando no tienen absolutamente ningun título para impugnar su validez, toda vez que ni son parientes de la testadora Doña Beatríz Alós, con derecho para sucederle en el todo.ó en parte de sus bienes, ni tienen ningún otro interés legítimo para combatir la eficacia de sus disposiciones.

Contestadas las principales objeciones que se han establecido contra la sentencia pronunciada en estos autos por la Corte de Distrito de San Juan, entiende este tribunal que debe confirmarse la expresada sentencia en todas sus partes, sin especial condenación de costas en el presente recurso.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.