# RUIZ *v.* PACHECO.

## APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 51. Resuelto en Mayo 15, 1905.

SENTENCIA EN REBELDÍA.—Para que puedan tener aplicación las disposiciones del art. 194 del Código de Enjuiciamiento Civil, en los pleitos en que se trate solamente del pago de cantidades de dinero ó indemnización de perjuicios, y se hubiere anotado la rebeldía del demandado, *deberá el demandante solicitar de la Corte* que proceda á dictar sentencia de acuerdo con lo pedido en la demanda.

ACCIÓN REIVINDICATORIA.—Para que la acción reivindicatoria del dominio de una cosa pueda prosperar, es requisito esencial que el demandante pruebe su identidad, ya por medio de un deslinde ú otra prueba adecuada, al efecto de justificar que es la misma de que está en posesión el demandado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Palacios Rodríguez.*

La parte apelante no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del Tribunal.

En diez y ocho de Agosto del año próximo pasado León Ruiz Arriola por conducto de su Abogado Don Celestino Dominguez y Rubio, entabló demanda en la Corte de Distrito de Guayama contra Alejandro Pacheco, vecino de aquella ciudad, para que se le condenara á restituirle una estancia de su propiedad de diez cuerdas de terreno situadas en el Barrio de "Jobos" lugar de "La Puente" sitio del "Garrochal", de aquel término municipal que le pertenecía por compra á Don Feliz Lino de Rivera, por escritura pública de doce de Setiembre de mil novecientos tres, inscrita á su favor en el Registro de la Propiedad y de la cual había entrado en posesión el demandante hacía algunos meses, hasta un día del mes de Diciembre del mismo año de 1903, en cuyo día lo despojó de ella el demandado, introduciéndose en la estancia y obligándolo á abandonarla con amenazas, derribando las cercas, cortando toda la leña de los montes y desvastándola completamente; por cuyo motivo lo demandaba, y pedía se le condenara á restituírsela, y á pagarle cien dollars en que estimaba los daños que le había causado en la propiedad, con cincuenta dollars más, por el valor calculado del beneficio que pudo haber obtenido cultivando los terrenos en la siembra de cañas de azúcar como se proponía hacerlo y no pudo verificarlo por culpa del Pacheco.

El demandado no contestó la demanda en el término legal, por lo que le fué declarada la rebeldía; pero habiendo comparecido después alegando que no había contestado en tiempo por haber creído equivocadamente que para computar el término debían excluirse los días feriados, como se practicaba antes, y que le asistía una buena defensa que oponer á la demanda, porque la estancia que reclamaba Arriola no era la misma que poseía el demandado y que pertenecía á otra tercera persona, como lo demostrarían las colindancias de una y otra, la Corte oída la moción presentada por el demandado y las razones alegadas en el acto de la vista, dejó sin efecto la rebeldía que

había sido declarada al demandado y le concedió tres días más para contestar la demanda, los que transcurrieron también sin haberlo verificado, celebrándose el juicio en el que se recibieron las pruebas propuestas por el demandante, y consistentes en las declaraciones de nueve testigos, incluso el mismo Arriola, los que convienen en la venta del terreno por Don Felix Lino de Rivera al demandante, agregando algunos que de oídas les constaba que Pacheco no le había permitido tomar posesión del terreno, y otros que Pacheco había cortado toda leña que existía en los montes de la estancia.

En su consecuencia la Corte de Distrito de Guayama dictó la siguiente sentencia:

"El día primero de Octubre se llamó esta causa para juicio y compareció con su abogado, habiendo sido anotada la rebeldía del demandado por no haber contestado la demanda, constándole á la Corte que el demandado Alejandro Pacheco fué debidamente citado y emplazado; anunció el demandante estar listo. La Corte después de oir el escrito del demandante, las pruebas propuestas y el informe de su Abogado, se reservó su resolución. Hoy día 13 de Octubre de 1904, resuelve ser de de opinión que la ley y los hechos están á favor del demandado, por tanto ordena que el demandante no obtenga nada del demandado, y que éste vaya libre de toda reclamación respecto á esta demanda con las costas de este pleito al demandante.—Dada, pronunciada y publicada en Corte el día 13 de Octubre de 1904.—Cárlos E. Foote.—Juez."

Contra esta sentencia interpuso apelación el demandante León Ruiz Arriola y habiéndose personado en esta Superioridad y formulado su alegato en que citó como infringidos el artículo 194 del nuevo Código de Enjuiciamiento Civil, según el cual una vez registrada la rebeldía del demandado, en los pleitos como el presente, debe dictarse la sentencia conforme á lo solicitado en la demanda y los artículos 354, 355 y 448 del Código Civil vigente que tratan de la propiedad y sus efectos y del derecho del que se encuentra en la posesión de una cosa para ser man-

tenido en ella, solicitó después de esta Corte, se le permitiera adicionar el record con una copia de la escritura de compra-venta de los terrenos que obraba en los autos del inferior lo que le fué concedido, y presentada dicha copia resulta de ella que efectivamente por escritura pública otorgada en Guayama ante el Notario de la misma Don José Mariano Capó y Alvarez en doce de Setiembre de mil novecientos tres, Don Feliz Lino de Rivera, por sí, y como apoderado de su esposa Doña Florentina Ortiz y Sánchez al efecto de prestar su consentimiento para la venta, vendió realmente á Don León Ruiz y Arriola una estancia ó predio rústico de diez cuerdas de terreno, radicadas en el barrio de "Jobos", sitio "Garrochal", y lugar de "La Puente", de aquel término municipal, bajo las colindancias que se determinan en dicha escritura, en precio y cantidad de ciento sesenta dollars que el vendedor confesó recibidos, y cuyo documento aparece inscrito en el Registro de la Propiedad á favor del comprador León Ruiz Arriola; certificando el Secretario de la Corte de Distrito de Guayama, la exactitud de dicha copia. Agregada ésta al rollo, se señaló día para la vista, la que se celebró sin asistencia de Abogados.

Pasando ahora á examinar los fundamentos del recurso consignados en el alegato del apelante, entiende el Juez que suscribe que no son de estimarse. En primer lugar, porque si bien el artículo 194 del nuevo Código de Enjuiciamiento Civil, que cita en su escrito la representación del apelante, autoriza para que en los pleitos en que se trate solamente sobre pago de cantidades de dinero, ó indemnización de perjuicios, pueda dictarse la sentencia de conformidad con lo solicitado en la demanda, una vez registrada la rebeldía del demandado, esto debe pedirlo el demandante, como parece deducirse del contesto del mismo artículo al decir, que tomada razón por el Secretario de la rebeldía del demandado, "podrá el demandante solicitar en la primera ó cualquiera de las subsiguientes se-

siones de la Corte, que se le conceda lo pedido en la demanda'', circunstancia que no ha tenido lugar en el caso presente, pues antes al contrario, lo que resulta del record, es, que lejos le haberlo pedido el demandante, lo que hizo fué proponer una información de testigos que el Juez admitió y se practicó en el juicio con el resultado que se ha expresado anteriormente. Esto en primer lugar, y en segundo lugar, que si bien el demandante y apelante León Ruiz Arriola, ha presentado la escritura de compra-venta de los terrenos inscrita en el Registro de la Propiedad, lo que constituye á su favor un título de dominio de los terrenos comprendidos en dicho documento, ha dejado de probar su identidad, para venir en conocimiento de que realmente son los mismos de que está en posesión el demandado; prueba que por regla general es uno de los requisitos esenciales para que la acción reivindicatoria pueda prosperar, y que en el caso presente estaba tanto más indicada, cuanto que el demandado Alejandro Pacheco ha sostenido en la declaración jurada que presentó al solicitar la prórroga para contestar la demanda, que son terrenos distintos, los que se le reclaman y los que él posee, y para corroborar este aserto, bastaría efectuar una inspección ocular y se vendría en conocimiento de que las colindancias que se describen en la demanda no concuerdan en nada con las de la estancia que él disfruta, y por consiguiente que son dos fincas diferentes.

Esta justificación de la identidad puede obtenerse, bien por medio de un deslinde practicado por peritos, ó por otra prueba adecuada, que no ha tenido lugar en el presente caso, puesto que la testifical propuesta y practicada en estos autos á solicitud del demandante, no acredita que el demandado esté realmente en posesión de los terrenos á que se refiere la escritura.

En cuanto á los otros artículos del Código Civil vigente que citó el apelante en su alegato, carecen absoluta-

mente de aplicación,. toda vez que no ha probado su demanda,· y por consiguiente, no tienen aplicación al caso que se ventila.

Por cuyos fundamentos el Juez que suscribe entiende que debe confirmarse la sentencia apelada, con las costas.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras y Mac Leary.

El Juez Asociado Sr. Wolf no formó Tribunal en la vista de este caso.