## DÍAZ *v.* EL PUEBLO ET AL.

### APELACIÓN procedente de la Corte de Distrito de Arecibo.

●

#### No. 463.—Resuelto en enero 19, 1911.

ACCIÓN REIVINDICATORIA—DEMANDA CONTRA EL PUEBLO DE PUERTO RICO—JURIS-
DICCIÓN—CONSENTIMIENTO.—Es jurisprudencia constante de este tribunal, que
El Pueblo de Puerto Rico puede ser demandado sin su consentimiento, y por
tanto los tribunales tienen jurisdicción para conocer de acciones contra El
Pueblo, sin que se haya prestado ese consentimiento.

ID.—IDENTIFICACIÓN DE LA FINCA—DESCRIPCIÓN DE LA FINCA EN LA DEMANDA.—
Es condición indispensable a la reivindicación, que el demandante fije con
toda precisión y claridad en la demanda, las cosa que reclama, y pruebe du-
rante el juicio, el dominio e identidad de ella.

ID.—REIVINDICACIÓN DE UNA FINCA COMO PARTE DE OTRA—DESCRIPCIÓN.—No
basta para dejar cumplido el precepto del artículo 125 del Código de En-
juiciamiento Civil, describir la finca de que forme parte el terreno reclamado,
sino que éste debe describirse de modo tal que pueda identificarse en caso
de ejecución de sentencia, sin necesidad de ulteriores explicaciones, pues no es
la finca total sino el terreno detentado el que ha de reivindicarse, y contra
el poseedor de ese terreno, es que se ejercita la acción reivindicatoria.

ID.—COLINDANCIAS DE LA FINCA—FALTA DE IDENTIFICACIÓN.—No puede prosperar
una acción reivindicatoria en la cual ni se precisan en la demanda las colin-
dancias o límites dentro de los cuales se encierra el terreno que se reclama,
ni pueden determinarse por el resultado de las pruebas practicadas en el juicio,
en cuyo acto más bien se trató de justificar la identidad de la totalidad de la
finca, que la de la parte que se reclama.

ID.—APRECIACIÓN DE LAS PRUEBAS—CONFIRMACIÓN DE LA SENTENCIA.—No ha-
biéndose justificado la identidad del terreno que se trata de reivindicar, ni
habiendo la corte inferior obrado influída por prejuicio, parcialidad ó pasión,
ni constando que se haya cometido error alguno al apreciar las pruebas prac-
ticadas en el juicio, debe confirmarse la sentencia apelada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José G. Torres.*

Abogados de los apelados: *Sres. Henry M. Hoyt, Attor-
ney General, Luis Campillo, Fiscal, y J. H. Brown, Attorney
General interino.*

EL JUEZ PRESIDENTE, SR. HERNÁNDEZ, emitió la opinión del
tribunal.

En 13 de enero del año 1909, Arturo Díaz Valcárcel pre-
sentó demanda a la Corte de Distrito del Distrito Judicial de

Arecibo contra El Pueblo de Puerto Rico y Wenceslao Borda Jr., sobre reivindicación de terrenos, alegando como hechos fundamentales los siguientes:

"1°. Que. es ·dueño de una finca rústica radicada en el barrio "Islote," jurisdicción de Arecibo, con cabida de 407 cuerdas 56 céntimos de terreno llano, equivalentes a 160 hectáreas, 18 áreas y 84 centiáreas con casa de madera, colindando, al Norte con Francisco Jiménez, Rufino Pérez y Francisco Torres antes, y después con Rosa María Jiménez y Rufino Pérez; al Este con Francisco Jiménez antes, y después con Justo Torres y Atiles, Donato Maldonado, Felipe Gómez y Dulcidio Alvarez; al Oeste con Rufino Pérez y la cortadera del Caño Tiburones antes, y después con Tomás Boneta y Rufino Pérez, y al Sur con el Caño Tiburones; cuya finca fué adquirida por el demandante durante su matrimonio, con Serafina Curbelo, a virtud de adjudicación que se le hizo por auto de 9 de septiembre de 1901 en la ejecución seguida por el Banco Territorial y Agrícola ante el Tribunal del Distrito de Arecibo contra Julián Muro, y continuado contra Monserrate Colón y Nievez Giraut; y por fallecimiento de ·Serafina Curbelo, ocurrido en 3. de noviembre de 1906, fué adjudicada al mismo demandante en pago de sus gananciales y de las deudas contra la sociedad conyugal de que se hizo cargo, según escritura de división de bienes de la Serafina Curbelo otorgada en 8 de mayo de 1907.

"2°. Que la finca descrita fué mensurada, por el agrimensor Arturo Puig, quien levantó un plano topográfico de la misma, en que consta la verdadera superficie con que aparece inscrita en el registro de la propiedad, en cuyo plano, que fué levantado en julio de 1895, se hace constar también por signos convencionales, el terreno destinado a cañas de azúcar y palmas de coco, pudiéndose apreciar que dicho terreno estaba totalmente· cultivado en aquella época, habiéndose desecado las últimas 50 cuerdas desde el año anterior, 1894, en que su poseedora entonces, Encarnación Colón, fué exenta del pago de las contribuciones con arreglo al artículo 5°. del Reglamento de la Contribución Territorial.

"3°. Que aunque las primeras inscripciones de la finca en el registro de la propiedad se hicieron dándole una cabida de 305 cuerdas, esa medida estaba equivocada, pues dentro de sus colindancias existían como existen, 407 cuerdas y 56 céntimos, según el plano levantado en 1895, por Arturo Puig, cuya medida fué comprobada por otra mensura que con citación de colindantes hizo el geómetra Eduardo Rosso y Gil de Lamadrid, en virtud de la cual y de un acta levantada en 31

de enero de 1898 ante el Notario Sebastián Muñoz, se hizo la rectificación correspondiente en el Registro de la Propiedad de Arecibo, consignándose en la inscripción décima de la finca, la expresada cabida de 407 cuerdas y 56 céntimos.

"4º. Que aunque la posesión de la finca de que se trata por parte del demandante, y sus títulos de propiedad sólo se remontan al año de 1901, en que la adquirió el demandante por título de adjudicación en la ejecución seguida por el Banco Territorial, la 1ª. inscripción de dicha finca viene desde hace más de veinte años, y la posesión alcanza a muy remota época, desde hace más de un siglo, sin que durante todo ese tiempo ni el Gobierno de Puerto Rico ni persona alguna hubiera establecido reclamación tendente a anular los títulos de propiedad o a interrumpir la legítima posesión de los terrenos.

"5º. Que así las cosas, en el año de 1908 la Asamblea Legislativa de Puerto Rico pasó una resolución conjunta autorizando al Comisionado del Interior para prorrogar hasta un período de cuarenta años un contrato de arrendamiento de terrenos públicos celebrado con Wenceslao Borda el 15 de septiembre de 1907, y tanto en esa resolución conjunta cuanto en el contrato de arrendamiento, se traspasa a Wenceslao Borda todo el terreno pantanoso no desecado, ni cultivado, perteneciente a El Pueblo de Puerto Rico, en los Distritos de Arecibo y Manatí, en un predio constante de 6,000 cuerdas más o menos, conocido generalmente con el nombre de Caño o Laguna de los Tiburones, bajo las condiciones expresadas en dicho contrato.

"6º. Que en virtud de la resolución conjunta de que se deja hecho mérito, en momentos en que el demandante estaba ausente de la Isla, El Pueblo de Puerto Rico por medio de su Fiscal en Arecibo y empleados de la Oficina del Interior, se apropió de una cantidad considerable de terrenos de la finca descrita, que entregó a Wencesloa Borda, sin que contra el demandante se siguiera acción judicial alguna para expropiarle, ni se le notificara resolución sobre el particular.

"7º. Que según plano levantado en la Oficina del Interior, sólo se le reconocen como de su propiedad ciento cuarenta y siete cuerdas y 66 céntimos de terrenos en el barrio del Islote de Arecibo, colindancia del Caño de Tiburones, y del resto de la finca, ascendente á doscientos cincuenta y nueve cuerdas noventa céntimos, en la parte S. y O. del predio descrito, se ha incautado El Pueblo de Puerto Rico, verificando su entrega al arrendatario Wenceslao Borda.

"8º. Que ese terreno de que se ha incautado El Pueblo de Puerto Rico es de la exclusiva pertenencia del demandante en virtud de sus títulos de dominio inscritos, y posesión no interrumpida por más de

cien años; pero aún en el supuesto de que El Pueblo de Puerto Rico pudiera alegar derecho a parte de esos terrenos, nunca podría esa parte estimarse comprendida en la concesión hecha a Borda, que se refiere a terrenos pantanosos no desecados ni cultivados, mientras que los terrenos de que se trata, no solamente están desecados totalmente, sino que vienen siendo objeto de cultivo hace más de diez años.''

La demanda concluye con la súplica de que a reserva de que el demandante pueda pedir la correspondiente indemnización de daños y perjuicios, se declare que los terrenos de que se ha incautado El Pueblo de Puerto Rico en la parte S. y O. de la finca descrita en el primer hecho de la demanda, y que se han entregado en arrendamiento a Wenceslao Borda, corresponden al demandante, condenando en su consecuencia a los demandados a la entrega o devolución de dichos terrenos y al pago de las costas, si se opusiesen.

Al contestar la demanda El Pueblo de Puerto Rico y Wenceslao Borda, negaron los hechos consignados bajo los números 1°., 2°., 3°., 4°., 6°., y 8°. de dicha demanda y aceptaron los expresados bajo el número 5°. y también bajo el 7°. en su párrafo 1°., negando los expuestos en su párrafo 2°.

Señalado día para la celebración del juicio, después de practicadas las pruebas propuestas por la representación de la parte demandante, los abogados de los demandados presentaron una moción para que se dictara sentencia a su favor por el fundamento comprendido en el párrafo 5°. del artículo 192 del Código de Enjuiciamiento Civil, alegando entre otras razones, la falta de identificación del predio de cuya reivindicación se trata; y habiendo sido declarada con lugar dicha moción, recayó sentencia en 11 de mayo de 1909, declarando sin lugar la demanda interpuesta por Arturo Díaz Valcárcel, sin especial condenación de costas, contra cuya sentencia interpuso la parte demandante recurso de apelación, que después de las alegaciones así escritas como orales de ambas partes, ha quedado sometida a nuestra consideración.

La parte apelada, al impugnar el recurso, entre otras alegaciones ha hecho la de que la Corte de Distrito de Arecibo no

tuvo jurisdicción para conocer del pleito, porque El Pueblo de Puerto Rico no puede ser demandado sin su consentimiento y éste no existe en el presente caso.

La cuestión jurisdiccional propuesta es de resolución previa y desde luego, opinamos que El Pueblo de Puerto Rico puede ser demandado sin su consentimiento, como así lo hemos decidido en los casos de Rosalí, de Juan Z. Rodríguez, de Sucesión de José Fernández y de Casimiro A. Rivera, todos contra El Pueblo de Puerto Rico, fallados, respectivamente, en 14, 17 y 18 de junio de 1910 y 7 de diciembre de ese mismo año. A esos casos nos referimos, y pasamos a examinar en su fondo el recurso interpuesto.

Ya digimos al decidir en 10 de mayo de 1902 en el caso de Juan Bianchi Pagán contra el Ayuntamiento de Añasco, que son condiciones indispensables a la reivindicación, que el demandante fije con toda precisión y claridad en la demanda la cosa que reclama, y pruebe durante el juicio el dominio e identidad de ella, y conforme con la anterior doctrina, establece el artículo 125 del Código de Enjuiciamiento Civil que en una acción para recobrar propiedad inmueble, ésta deberá describirse en la demanda con tal precisión, que un agente judicial pueda identificarla en caso de ejecución.

En el hecho 6°. de la demanda, según dejamos consignado, alega el demandante que El Pueblo de Puerto Rico por medio de su Fiscal en Arecibo y empleados de la oficina del Interior se apropió una cantidad considerable de terreno de la finca de 407 cuerdas 56 céntimos descrita en el hecho 1°. haciendo entrega de ese terreno a Wenceslao Borda, y en el hecho 7°. . explica que aquel terreno se compone de 259 cuerdas 90 céntimos y está situado en la parte Sur y Oeste de la finca descrita.

Como se ve, no se determina en la demanda el terreno reclamado con los lindes necesarios para identificarlo, y si la demanda se declarara con lugar ordenando la restitución y entrega solicitadas, ningún agente judicial podría ejecutar la sentencia.

Y no basta para dejar cumplido el precepto del artículo

125 del Código de Enjuiciamiento Civil describir la finca de que forma parte el terreno reclamado, sino que éste debe describirse de modo tal que pueda identificarse en caso de ejecución de sentencia sin necesidad de ulteriores explicaciones, pues no es la finca total, sino el terreno detentado el que ha de reivindicarse, y contra el poseedor de ese terreno es que se ejercita la acción reivindicatoria.

Puede suceder como en el presente caso, que la identificación de la totalidad de la finca de que antes formaba parte el terreno detentado como también su dominio, guarden muy estrecha relación con la identificación y dominio del terreno detentado, pero esa circunstancia no releva del cumplimiento del precepto del artículo 125 del Código de Enjuiciamiento Civil.

Prescindiendo de la forma defectuosa de la demanda y entrando en el examen comparativo de los diversos elementos probatorios aportados al juicio por la parte demandante, tampoco podemos venir al conocimiento exacto de cual sea el terreno objeto de reivindicación, y todavía la confusión es mayor, pues si en la demanda se da al terreno reclamado una cabida de 259 cuerdas con 90 céntimos, esa cabida resulta indefinida después de las pruebas practicadas, como pasamos a demostrarlo:

De los testigos examinados a instancia de la parte actora, Cándido Jiménez dice que una comisión mandada por el Comisionado del Interior trazó líneas y cercó la finca de Arturo Díaz, tirando la cerca lo menos por la mitad de la finca, y entregando a Borda el terreno comprendido entre la cerca y el Caño de Tiburones; José Carpio Reyes declara que Borda hizo una retenida de terreno con una empalizada de alambre que colocó en terrenos de Arturo Díaz, casi a mitad de la posesión, calculando que de la empalizada al Caño de Tiburones podrá haber como cuarenta, cincuenta o sesenta cuerdas, que antes utilizaba Arturo Díaz; Francisco Pérez manifiesta que desde la cerca hasta el Caño, calcula que habrá como sus 30 cuerdas más o menos de las de Arturo Díaz; Ramón Nonato

Maldonado depone, que a Arturo Díaz le cogieron un pedazo de terreno que fué entregado a Borda, separándolo por medio de alambres del resto de su finca; y el mismo Arturo Díaz Valcárcel afirma, que el perímetro de terreno que se le quitó asciende a doscientas y tantas cuerdas.

Con tales méritos probatorios no es posible determinar la cabida del terreno cuyo dominio reclama Arturo Díaz.

Pero es que además de no poderse fijar por el mérito de las pruebas la medida superficial del terreno que se supone detentado, tampoco se precisan en la demanda las colindancias o límites dentro de los cuales se encierra aquel terreno, ni pueden determinarse por el resultado de las pruebas practicadas en el juicio, en cuyo acto más bien intentó la parte demandante justificar la identidad de la totalidad de la finca, que la del terreno detentado. La declaración del testigo José Carpio Reyes expresiva de que la cerca de alambre coge Sur y Poniente, y de que Borda posee el terreno que está entre Boneta y la cerca de alambre, y también el que está entre la cerca y el Caño; la afirmación del testigo Francisco Pérez, relativa a que al entregar los terrenos a Borda le quitaron a él dos cuerdas más o menos y pusieron la cerca por allí, formando después un círculo para arriba y tomando a Arturo Díaz todo el pedazo de la cortadera hasta el caño; y el testimonio de Ramón Nonato Maldonado asegurando que a Arturo Díaz le cogieron un pedazo de terreno que hoy posee Borda, habiéndose puesto alambres en la finca de Arturo Díaz, en la orilla de la cortadera, son insuficientes para constituir prueba de la identidad del terreno detentado, tal como lo describe Arturo Díaz en su declaración al afirmar que el terreno que trata de reivindicar colinda por el Norte con el resto de su finca separado por una cerca de alambre, por el Sur con el Caño de Tiburones, por el Poniente con Rufino Pérez, Tomás Boneta y la Cortadera, y por el Saliente con José Jiménez.

No vemos que la corte inferior haya obrado influída por prejuicio, parcialidad o pasión, ni que haya cometido error manifiesto al apreciar las pruebas practicadas a instancia de

la parte actora a quien incumbía el *onus probandi*, y por tanto estimamos ajustada a derecho la sentencia recurrida por el fundamento de no haberse justificado la identidad del terreno que se trata de reivindicar.

Por las razones expuestas procede la confirmación de la sentencia apelada que dictó la Corte de Distrito de Arecibo en 11 de mayo de 1909, declarando sin lugar la demanda interpuesta por Arturo Díaz Valcárcel, sin especial condena de costas.

*Confirmada.*

Jueces concurrentes: Sres. Asociados, Wolf y del Toro.

El Juez Asociado, Sr. MacLeary, firmó, haciendo constar su conformidad con la sentencia y con la opinión, menos en lo relativo a jurisdicción, por opinar que El Pueblo de Puerto Rico no puede ser demandado sin su consentimiento.