TEILLARD *v.* TEILLARD ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 714.—Resuelto en junio 21, 1912.

ACCIÓN REIVINDICATORIA—PRESCRIPCIÓN ADQUISITIVA—POSESIÓN.—La mera posesión puede producir el efecto de que por ella llegue a adquirirse el dominio mediante el transcurso de cierto tiempo en las condiciones fijadas por la ley, perjudicando al verdadero propietario y extinguiendo sus acciones reales, por cuyo motivo no podrá reivindicar lo que fué suyo y perdió por su abandono. (*García v. De los Angeles*, 13 D. P. R., 77.)

PRESCRIPCIÓN ADQUISITIVA—POSESIÓN—DOMINIO.—El que sólo tiene la posesión de una cosa inmueble o de un derecho real sobre ella, necesita para ganar el dominio por prescripción adquisitiva, que la posesión dure 30 años, pues transcurrido ese período de tiempo consiente la ley en que sin necesidad de justo título en la adquisición y aun sin buena fe se adquiera el dominio.

ID.—POSESIÓN ADQUIRIDA POR TÍTULO DE COMPRA—JUSTO TÍTULO.—El comprador que adquiriere la posesión de un bien inmueble por título de compraventa

de una persona que solamente tiene la posesión de la cosa debidamente justificada, sin título de dominio, tal comprador tiene desde el momento de la compra no sólo la posesión que le trasmite el vendedor, sino la posesión en virtud de un título de compraventa, que equivale a un título justo para adquirir el dominio, y aunque tal título de compraventa no da al comprador el dominio de la cosa, porque su vendedor no lo tenía, sin embargo, queda el comprador en condiciones de adquirir el dominio sin esperar el transcurso de 30 años.

ID.—POSESIÓN NECESARIA PARA ADQUIRIR EL DOMINIO—PRECEPTOS DEL CÓDIGO CIVIL ANTIGUO Y REVISADO Y DE LA ORDEN JUDICIAL DE ABRIL 4, 1899.—Las disposiciones del artículo 1957 del Código Civil antiguo fueron modificadas por la Orden Judicial de abril 4, 1899, que fijó en seis años el tiempo para la prescripción adquisitiva del dominio, tanto entre presentes como entre ausentes, a cuya modificación se le dió expresamente efecto retroactivo, y el Código Civil Revisado de 1902 reprodujo el término de 10 años entre presentes y 20 años entre ausentes, para adquirir el dominio.

ID.—PRESUNCIÓN DE BUENA FE—DEMANDA REIVINDICATORIA.—En una demanda reivindicatoria en la cual no se alega que el comprador de la finca en litigio, la adquiriera y poseyera de mala fe, surge la presunción de la buena fe en la adquisición y posesión de la misma.

ID.—La sentencia del Tribunal Supremo de España de abril 27, 1906 es examinada y declarada inaplicable a este caso.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Cay. Coll y Cuchí.*

Abogado de los apelados: *Sr. José de Diego.*

EL JUEZ ASOCIADO SR. ALDREY, emitío la opinión del tribunal.

Doña Eugenia Teillard presentó el 18 de marzo de 1911 en la Corte de Distrito de Mayagüez, una demanda contra Don Armando Teillard y Sucesores de Bianchi, en la que sustancialmente alegó: Que es condueña en proindiviso con el demandado Don Armando Teillard, de una participación de cuarenta avas partes y setenta y nueve milésimas en la finca que se describe nombrada Santísima Trinidad, radicada en el barrio de las Marías del pueblo de Añasco; que ese condominio lo adquirió en unión del demandado Don Armando por herencia de su abuela Doña Polonia López y de su madre Doña Ursula Dukey, habiéndoseles adjudicado en las operaciones testamentarias de la primera a ellos dos y a otro hermano Don Arturo, la cantidad de cuatro mil doscientos ochenta y nueve pesos, setenta y un centavos ($4,289.71), y en las de la madre, practicada por

su marido Don Pablo Teillard, la de cincuenta mil pesos
($50,000) que hacen un total de $54,289.71; que en el año
1892 Don Arturo Teillard enajenó su participación a favor
de Don Pedro T. Ruiz, quien a su vez, en unión de otras
participaciones que hubo de otras personas, las vendió a
Don Carlos de Choudens el cual inscribió su condominio, pero
se hizo referencia en la inscripción del registro de la propie-
dad a que el resto de la finca correspondía a Don Pablo
Teillard; que en abril de 1894 Don Arturo Teillard obtuvo
del juzgado municipal de Añasco que aprobase un expediente
posesorio en el que se declaró, que el expresado condominio
de cuarenta centésimas y setenta y seis milésimas por ciento
(40.076) correspondía a Don Pablo Teillard en un 22.190 por
ciento y el resto en un 8,893 por ciento a cada uno de los
hermanos, Armando y Eugenia, expediente que fué aprobado
mediante falsas y fraudulentas representaciones de Pablo y
Arturo Teillard, padre y hermano respectivamente de la
demandante, al efecto de que al primero se le había adju-
dicado como gananciales ese tanto por ciento, cuando nunca
tuvo participación en dicho inmueble; que según escrituras
públicas de 5 de enero y 6 de marzo de 1894, Pablo Teillard,
por su apoderado Arturo Teillard, vendió ese derecho de
posesión a Don Alfredo Christy, a quien pasó luego por
adjudicación en la testamentaría de su esposa, vendiéndolo
éste en el año 1908 a su hija Doña Ciriaca Christy, la que
lo hipotecó en 1910 a Sucesores de Bianchi, y quienes poste-
riormente lo adquirieron en pago de su crédito hipotecario;
y después de consignar la demandante que tanto el expe-
diente posesorio como las distintas transmisiones menciona-
das fueron inscritos en el registro de la propiedad y que in-
cluye a su hermano Don Armando como demandado por des-
conocer su paradero y ser una parte necesaria en el proce-
dimiento, concluye pidiendo se declare la nulidad del expe-
diente posesorio y de todos los contratos que de él se deri-
van, que se cancelen las inscripciones que han motivado en
el registro de la propiedad, como también la referencia hecha.

en la inscripción del título de Choudens, y finalmente, que se ordene la inscripción en el registro de la propiedad del expresado condominio, como de la exclusiva propiedad de la demandante y del demandado Armando Teillard.

Tal demanda fué excepcionada por Sucesores de Bianchi, entre otros fundamentos, por el de que la acción reivindicatoria ejercitada en la demanda ha quedado neutralizada e ineficaz por prescripción adquisitiva del dominio en favor de los demandados, de acuerdo con el artículo 1957 del antiguo Código Civil, 1859 del actual, y la orden judicial de 4 de abril de 1899. Por este fundamento fué sostenida la excepción por la Corte de Distrito de Mayagüez y en consecuencia fué registrada la sentencia de 12 de mayo de 1911, contra la que la demandante Doña Eugenia Teillard ha interpuesto el présente recurso de apelación.

La cuestión, pues, a resolver es si de la faz de la demanda aparece que el título que la demandante alega tener a la participación de un 22.190 por ciento en la finca Santísima Trinidad, cuya posesión se declaró tener Pablo Teillard, ha quedado ineficaz porque los demandados Sucesores de Bianchi han adquirido el dominio de ella por prescripción adquisitiva.

Desde luego que la mera posesión produce el efecto de que por ella llega a adquirirse el dominio, mediante el transcurso de cierto tiempo en las condiciones fijadas por la ley, perjudicando al verdadero propietario y extinguiendo sus acciones reales, por lo que no podrá reivindicar lo que fué suyo y perdió por su abandono.

A este respecto dice la sentencia del Tribunal Supremo de España de 25 de octubre de 1881, lo que sigue:

"* * * porque si el título nulo no puede dejar de serlo convirtiéndose en válido, las leyes fundadas en razones de convéniencia pública han dado en algunos casos a la posesión una fuerza irrevocable, no por virtud de su causa originaria, sino por el respeto debido a un estado consagrado por el transcurso del tiempo."

Esta misma doctrina ha sido consignada por esta Corte Suprema en el caso de *García* v. *De los Angeles,* 13 D. P. R., 77, en el que se dijo:

"No puede confundirse la prescripción como medio de adquirir el dominio con la prescripción como medio de perderlo. Para lo primero, bastaba, con arreglo al artículo 1957 del Código Civil antiguo, la posesión con buena fe y justo título, por el término de diez años entre presentes y 20 entre ausentes; mas para lo segundo, o sea, para que se entendiera prescrita la acción, era necesario que hubieran transcurrido 30 años sin haberla ejercitado el dueño del inmueble con arreglo al artículo 1963 del propio Código. Pero como podía suceder que durante el transcurso de este último término, un tercero hubiera adquirido el dominio por la posesión de 10 años entre presentes o 20 entre ausentes, con buena fe y justo título, a tenor de lo prescrito en el artículo 1957, en este caso, es claro que el verdadero dueño habría perdido su derecho por no haberlo ejercitado durante aquel tiempo y que no podría invocar a su favor el precepto del artículo 1963 para pretender que su acción no se entendiera prescrita por no haber transcurrido los 30 años.

"Por eso el artículo 1963 que acabamos de citar, después de consignar en su primer párrafo, que las acciones reales sobre bienes inmuebles prescriben a los 30 años, en su segundo apartado establece la salvedad de que, esto debe entenderse sin perjuicio de lo establecido para la adquisición del dominio y demás derechos reales por prescripción; aludiendo seguramente al artículo 1957 que fijaba 10 años entre presentes y 20 entre ausentes, con buena fe y justo título, el tiempo para la prescripción ordinaria del dominio y demás derechos reales sobre bienes inmuebles.

"Pero vino luego la orden general de 4 de abril de 1899, que modificó el artículo 1957 del Código Civil, reduciendo a 6 años entre presentes y ausentes, el término para la prescripción ordinaria del dominio y demás derechos reales, con buena fe y justo título, pero sin modificar, ni alterar en lo más mínimo el otro artículo 1963 que fijaba para la prescripción de las acciones reales sobre bienes inmuebles el término de 30 años, el que continuó vigente, aunque siempre con la salvedad establecida en su segundo apartado, respecto a lo dispuesto sobre la adquisición del dominio y demás derechos reales por prescripción, salvedad que, después de la publicación de la citada orden general, es claro que debía entenderse en relación a lo establecido por la misma sobre la adquisición del dominio y demás derechos reales

sobre bienes inmuebles, por la posesión de 6 años con buena fe y justo título, etc.''

(*García* v. *De los Angeles*, 13 D. P. R., 773.)

Además, el párrafo 5°. del artículo 394 de la vigente Ley Hipotecaria dispone lo siguiente:

''La inscripción de posesión no perjudicará al que tenga mejor derecho a la propiedad del inmueble, aunque su título no haya sido inscrito, a menos que la prescripción haya convalidado y asegurado el derecho inscrito.''

En vista de lo expuesto, si los demandados sucesores de Bianchi han adquirido por prescripción el dominio de la participación que como condueña reclama la demandante, se habrá extinguido el derecho que ella alega tener en unión de su hermano, no podrá reivindicarla, ni por tanto, ejercitar acciones de nulidad que no le afectarían.

El que sólo tiene la posesión de una cosa inmueble o de un derecho real sobre ella, necesita para ganar el dominio por prescripción adquisitiva, que aquélla dure treinta años, pues transcurrido ese período de tiempo consiente la ley en que sin necesidad de justo título en la adquisición y aun sin buena fe se adquiere el dominio.

Mas cuando la posesión se tiene por otra persona mediante título de compraventa, como ocurrió en este caso, dicha tercera persona no se halla en las mismas condiciones que su causante de quien deriva la posesión. Este tenía solamente la posesión de la cosa debidamente justificada, sin título de dominio, y tal posesión es lo que trasmite a su comprador, ya que no puede darle más de lo que tiene; pero el comprador tiene desde entonces no sólo la posesión trasmitida, sino que la tiene a virtud de una compraventa, que es título justo para adquirir el dominio. A este propósito dice un ilustre tratadista de derecho civil español: ''El justo título puede definirse, una causa hábil para transferir el dominio. Mas de esta definición no puede inferirse que habiendo título de dominio será inútil la prescripción porque

el título por sí solo, especialmente siendo derivativo, no da el dominio, sino que es tan solo una causa apta para su transmisión. En efecto: o el causante es dueño o carece de dominio sobre la cosa que trasmite. En el primer supuesto, se ha transferido la propiedad por el conducto o medio del justo título  \*  \*  \*. En el segundo caso, como *nemo dat quod non habet* es evidente que no podrá producirse el dominio por el justo título  \*  \*  \*. Este es precisamente el caso en que aparece la necesidad de la prescripción.''

El título de compraventa que la parte demandante reconoce en la demandada, sucesión Bianchi, no da a ésta el dominio, pues su causante no lo tenía, pero la coloca en condiciones de adquirirlo sin esperar el transcurso de treinta años.

Esto no solamente es lo justo sino que es lo legal, sopena de que queden sin efecto las disposiciones del Código Civil referentes a que por el transcurso de diez años entre presentes, y de veinte entre ausentes, se adquiere por prescripción el dominio de las cosas inmuebles poseídas con buena fe y justo título. Si la posesión transmitida mediante una venta, aún así necesitara treinta años para prescribir, holgarían esos preceptos del Código y también las muchas decisiones de esta Corte Suprema dictadas de conformidad con los citados preceptos al resolver apelaciones sobre informaciones de dominio, que están contenidas en mayor número en los tomos 3, 5 y 6 de nuestras decisiones.

En uno de esos casos, en el de *Ex Parte* Pinto, 6 D. P. R., 148, se dice, que acreditado que se compró una finca y luego se ha poseído por veinte y tres años y que desde entonces se posee quieta y pacíficamente, están cumplidos más que suficientemente los requisitos para adquirir por prescripción el dominio de los bienes inmuebles, con arreglo al artículo 1957 del antiguo código y la orden judicial de 4 de abril de 1899, que sólo requería para ese efecto seis años de posesión continua con buena fe y justo título.

La misma doctrina está establecida en los casos de *Ex Parte* Martínez y de *Ex Parte* Tapia obrantes respectiva-

mente en las páginas 168 y 508 del tomo 6 de las Decisiones de Puerto Rico, en el de *Cobián* v. *El Registrador de la Propiedad,* 11 D. P. R., 91, correspondiente al año 1906 y en otras muchas sentencias.

Ahora bien, esas disposiciones del Código Civil que regían en 1894 fueron modificadas, según hemos visto, por la Orden Judicial de 4 de abril de 1899, por la que se fijó en seis años el tiempo para prescribir tanto entre presentes como entre ausentes, modificación a la que expresamente se le dió efecto retroactivo, pero que desapareció en el año 1902 al restablecer el Código Civil Revisado los diez y veinte años del anterior Código.

Como consecuencia de lo expuesto, habiendo vendido Pablo Teillard la participación a que se refirió el expediente posesorio a Alfredo Christy en 1894, los seis años a que se refiere la citada Orden Judicial, transcurrieron en el año 1900, desde cuya fecha la prescripción convirtió la posesión en dominio, ya que la demanda no alega que el comprador la adquiriera y poseyera de mala fe, pues la buena fe se supone, y por tanto, Alfredo Christy tuvo y también sus derechohabientes y Sucesores de Bianchi tienen hoy un título de dominio que oponer a la demandante, haciendo ineficaz su título y extinguiendo las acciones que del mismo se derivaban.

En la demanda se consigna que la información posesoria y las distintas transmisiones fueron inscritas en el registro de la propiedad, pero como no consigna la fecha de esas inscripciones, no podemos tratar la cuestión respecto a la conversión en dominio de la posesión inscrita, según se regula en el artículo 393, párrafo 6 de la Ley Hipotecaria, y en la enmienda del mismo por la Orden Judicial antes citada.

El abogado de la señora apelante apoyó fuertemente su argumentación oral en una sentencia del Tribunal Supremo de España de 27 de abril de 1906, en la que se establece que no es la prescripción ordinaria de treinta años la necesaria

para convertir en dominio la posesión que en aquel caso se alegaba, toda vez que la inscripción se refería solamente al mero hecho de la posesión y que tal inscripción no equivalía al título. Estamos conformes en que la inscripción no equivale al título y por consiguiente debía transcurrir todo el tiempo de la prescripción extraordinaria, pues en ese caso los terceros adquirentes basaban la alegación de prescripción en que el primero que inscribió la mera posesión había adquirido el dominio por prescripción ordinaria y no se fundaron en la posesión de ellos mediante título porque su adquisición era muy reciente. Así pues esa sentencia no es aplicable a este caso.

Por las razones expuestas debe ser confirmada la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, y del Toro.

El Juez Asociado Sr. Wolf firmó haciendo constar estar conforme con la sentencia.