MARÍA LUISA TORRES, demandante y apelante, *v.* EL MUNICIPIO DE SAN JUAN, P. R., hoy CAPITAL DE PUERTO RICO, demandada y apelada.

Núm. 7444.—*Sometido:* Noviembre 29, 1938. *Resuelto:* Febrero 21, 1939.

*Carlos D. Vázquez,* abogado de la apelante; *J. Valldejuli Rodríguez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la ·opinión del tribunal.

Doña María Luisa Torres presentó el 27 de marzo de 1930 una demanda conteniendo tres causas de acción contra El Municipio de San Juan, hoy Capital de Puerto Rico, en la que sustancialmente alegó: que es dueña de un solar en la sección norte de Santurce; que en enero de 1928 la demandada, sin permiso de la demandante y contra su voluntad, penetró en la referida finca, hizo una zanja y colocó en ella una tubería y registros para el desagüe del pozo séptico de la escuela Julián E. Blanco, ocupando dicha tubería una extensión de terreno de 31.53 metros cuadrados, valorados en $600; que ha requerido de la demandada que levante dicho alcantarillado y se ha negado a ello; que la demandante tiene fabricadas en dicha finca varias casas alquiladas, rentando no menos de $150 mensuales; que debido al mal olor que despide el respiradero construído se ha visto privada de alquilar

sus propiedades, dejando de percibir rentas por valor de $2,000; y que la demandada ha venido usando los terrenos que ocupa el alcantarillado por espacio de cinco años y nueve meses sin pagar nada a pesar de haber sido requerido, y dicho uso tiene un valor justo y razonable de $2,070.

Contestó la demandada negando las alegaciones de la demanda y estableciendo como defensa que las tres causas de acción habían prescrito y que la propiedad en litigio era un callejón de su propiedad dedicado al servicio de la comunidad por más de treinta años, sin que hubiera sido molestada ni interrumpida en su posesión ni en las obras en él realizadas, tales como alcantarillado y servicios de luz y agua.

La corte inferior dictó sentencia declarando sin lugar la demanda por entender que la preponderancia de la prueba favorece a la demandada y además por no haber presentado la parte actora evidencia clara y convincente de un título de dominio ni haber identificado debidamente los terrenos.

De dicha sentencia apela la demandante, señalando tres errores en la apreciación que hiciera la corte inferior de la evidencia.

Alega la apelante en primer término que la corte inferior cometió error al sostener que la demandante no probó su alegado dominio sobre los terrenos en disputa, ni identificó los mismos con la debida claridad.

Analizando la evidencia por ella aportada, cita la apelante una certificación del Registrador de la Propiedad de San Juan acreditativa de que adquirió el solar en el año 1916, un plano demostrativo de que la tubería atraviesa sus terrenos y la declaración de uno de sus testigos describiendo los terrenos.

Se alega en la demanda que en las fechas mencionadas en la misma, doña María Luisa Torres era dueña de dos predios colindantes, cada uno de ellos de 11.42 m. de frente, y uno de 131.31 m. de fondo y el otro de 70 m. de fondo. El área del primero es de 1,499.56 m. cuadrados, del segundo

799.40 m. cuadrados; y la suma de ambos 2,298.96 m. cuadrados. Del Registro aparece una sola finca de 11.42 m. de frente por 200.31 m. de fondo, y una superficie total de 2,287.50 m. cuadrados. De manera que de su propia prueba aparece teniendo 11.46 m. menos que los que alega en su demanda.

De la certificación aparece también que de dicha finca hizo su dueña las siguientes segregaciones: 90 m. cuadrados vendidos a Rafael Arcelay, 1,499.50 a favor de María Luisa Torres, 131.88 vendidos a José María Rosario, y 84.78 vendidos a Carmen López. No aparecen en la certificación los linderos de dichas segregaciones, y tampoco aparece en el Registro la descripción de los 492.74 m. cuadrados de que se compone la parte restante de la finca principal.

La corte inferior entendió que el título escrito de la demandante no demostraba que el callejón le perteneciera, considerando que la parte restante de su finca, después de hacerse las segregaciones, no resultaba descrita en el registro. En cuanto al plano preparado por el ingeniero de la demandante, entendió que demostraba que ella sólo colindaba con el callejón en una parte del trayecto de éste. Más crédito le mereció el plano presentado por el ingeniero de la demandada, el que fué preparado en el año 1927 cuando no había aún surgido esta acción. En el mismo aparece demostrada la existencia del callejón.

En cuanto al testigo José Pujols, parece que no fué merecedor del mayor crédito posible por el tribunal sentenciador, considerando su relación de concubino de la demandante, o sea parte interesada.

Entre las razones que tuvo la corte de distrito para llegar a la conclusión de que la preponderancia de la prueba está a favor de la demandada, aparece el hecho de que al adquirir la demandante la primera mitad de la finca en el año 1916, y la segunda en el 1919, ya existía el llamado Callejón Bayola. La corte consideró probado que desde 1899 dicho callejón está dedicado al servicio de la comunidad; que para los años

1915 al 1917 la demandada extendió al mismo el servicio de alcantarillado y acueducto e invirtió una fuerte suma en reparar su superficie, y que poco antes extendió el servicio de luz eléctrica al mismo.

Para llegar a esas conclusiones la corte se basó en el testimonio incontrovertido del ingeniero Julio Montilla, testigo que le mereció entero crédito, quien por espacio de más de treinta años trabajó en las obras municipales. Dicho señor construyó el mencionado alcantarillado y reparó el callejón, y declaró también que por espacio de treinta y cinco años transitó por el callejón. Esta manifestación fué corroborada por el testigo Trinidad Escalera, quien manifestó que para el 1899 ya se usaba como vía pública; y por Juan Martínez, quien conoce el callejón desde que tiene uso de razón.

Es curioso notar que mientras se hicieron todos estos nombrados trabajos de utilidad pública, la demandante no dió ningún paso para impedirlo, si es que el municipio era un transgresor en su propiedad.

Decidiendo el verdadero título sobre la propiedad, dice la corte inferior:

". . . Es cierto que el demandado no ha presentado título escrito alguno de los terrenos del callejón, pero está en posesión de los mismos desde el 1899, y es jurisprudencia establecida que la mera posesión puede producir el efecto de que por ella pueda llegarse a adquirir el dominio mediante el transcurso de cierto tiempo en las condiciones fijadas por la ley, perjudicando al verdadero propietario y extinguiendo sus acciones reales. *García* v. *De los Angeles,* 13 D.P.R. 77; *Teillard* v. *Teillard,* 18 D.P.R. 562.

"Los hechos en el caso de *Trujillo* v. *López,* 45 D.P.R. 815, en que se funda la demandante, son distintos a los del presente. En dicho caso se trataba de una demanda de *injunction* para hacer cesar un estorbo público, sin que se reclamara derecho alguno al uso del terreno; y se resolvió que dicho terreno nunca había sido calle ni camino público, que no existía servidumbre establecida, y que era por mera tolerancia que desde 1908 su dueño había permitido el paso, siendo identificada debidamente la propiedad. El municipio nada reclamó en dicho caso, ni existía en el terreno obra alguna de utilidad pública."

La doctrina sentada en *Teillard* v. *Teillard,* 18 D.P.R. 562, es la siguiente: "Desde luego que la mera posesión produce el efecto de que por ella llega a adquirirse el dominio, mediante el transcurso de cierto tiempo en las condiciones fijadas por la ley, perjudicando al verdadero propietario y extinguiendo sus acciones reales, por lo que no podrá reivindicar lo que fué suyo y perdió por su abandono" (pág. 565). Y más adelante dice la misma opinión: "El que sólo tiene la posesión de una cosa inmueble o de un derecho real sobre ella, necesita para ganar el dominio por prescripción adquisitiva, que aquélla dure treinta años, pues transcurrido ese período de tiempo consiente la ley en que sin necesidad de justo título en la adquisición y aun sin buena fe se adquiere el dominio."

Ésta fué la misma doctrina consignada en *García* v. *De los Ángeles,* 13 D.P.R. 77: "No puede confundirse la prescripción como medio de adquirir el dominio con la prescripción como medio de perderlo. Para lo primero, bastaba, con arreglo al artículo 1957 del Código Civil antiguo, la posesión con buena fe y justo título, por el término de diez años entre presentes y 20 entre ausentes, mas para lo segundo, o sea para que se entendiera prescrita la acción, era necesario que hubieran transcurrido treinta años sin haberla ejercitado el dueño del inmueble, con arreglo al artículo 1963 del propio Código."

La citada doctrina justifica la decisión de la corte inferior en asumir que la demandada tiene el mejor título, considerando que resolvió la preponderancia de la evidencia a favor de ésta.

Versa el segundo error sobre la declaración de la corte inferior relativa a que el Municipio demandado está en la posesión de los terrenos desde el año 1899, y al decidir que dicho demandado adquirió el dominio de los terrenos por prescripción.

Alega la apelante que en el párrafo cuarto de las defensas especiales aducidas por la demandada no se alega con

precisión a cuál de las tres causas de acción ejercitadas se refiere la alegación de prescripción. No hay duda que la mencionada alegación se refiere a la primera causa de acción, o sea que la demandante es dueña de los terrenos comprendidos en el Callejón Bayola. Sólo basta una simple lectura del párrafo para llegar a esa conclusión:

"*Cuarto.*—Alega la demandada que es dueña de la escuela Julián E. Blanco, situada en Santurce, la que, hace muchos años está al servicio de la comunidad y el solar donde está ubicada dicha escuela es propiedad de la demandada y la tubería de la misma para el desagüe de su pozo séptico atraviesa propiedad de la demandada, por el Callejón Bayola, dedicada al servicio de la comunidad y como propiedad del Gobierno de la Capital por más de treinta años, sin que haya sido molestado ni interrumpido por acción alguna de persona alguna en la posesión de los terrenos del mencionado Callejón, por donde atraviesa la tubería de desagüe del mencionado pozo séptico de la escuela Julián E. Blanco, y además porque en dicho Callejón Bayola se ha construído un alcantarillado del Gobierno de la Capital y su replanteo definitivo y mientras se realizaban estas obras, hace ya mucho tiempo, nadie se opuso a la construcción de las mismas y no fué interrumpido el Gobierno de la Capital, entonces el extinto Municipio de San Juan, en la construcción de las mismas, habiendo establecido el Gobierno de la Capital, a través del mencionado Callejón Bayola, también los tubos del acueducto, servicio de luz y alcantarillado, como queda dicho; y si alguna acción tenía la demandante, o cualquiera otra persona, la misma ha prescrito por haber poseído ese Callejón el Gobierno de la Capital por más de treinta años consecutivamente y sin interrupción alguna, de acuerdo con los Artículos 1858, 1860 y 1864 del Código Civil Revisado de Puerto Rico.''

Insiste la apelante también en que la demandada alegó la prescripción de la acción y no la del dominio, y que resulta improcedente porque de la prueba de la demandada aparece que la servidumbre se estableció en enero de 1928 y la demanda se radicó en marzo de 1930. Al apreciar la prueba, la corte inferior entendió probado que la servidumbre ya existía en 1899, y citó las declaraciones de los testigos que la indujeron a llegar a tal conclusión. Ya hicimos referencia a este particular al discutir el primer error. No obstante,

es bueno aclarar que es imposible que la demandante abriera el callejón en el 1918, porque en ese año ella era dueña de solamente una mitad indivisa de la finca, y no fué hasta el 1919 que adquirió el resto de la misma.

Se refiere el tercer error al dictamen de la corte en el sentido de que la demandante no se opuso a la construcción del alcantarillado y que por esa razón está impedida de negar la existencia de la servidumbre. Parece frívola esta alegación, pues la corte meramente dijo al analizar la prueba, que la demandante no se quejó a las autoridades municipales cuando se construyó el alcantarillado de desagüe en 1927. No aparece que el juez resolviera que estaba impedida de negar la servidumbre. La decisión de la corte inferior se basó principalmente en la insuficiencia de la prueba aducïda por la demandante para establecer un título de dominio a su favor y no en la aplicación de la doctrina de *estoppel*.

El cuarto error versa sobre la actuación de la corte inferior al dictar sentencia desestimando la demanda, basándose en que se cometieron los errores anteriormente discutidos.

En toda acción reivindicatoria la parte demandante está obligada a probar la identidad de la cosa que reclama. *Ruiz v. Pacheco*, 8 D.P.R. 443; *Rivera v. Pueblo*, 16 D.P.R. 768; *Díaz v. Pueblo*, 17 D.P.R. 60; *Pesquera v. Fernández et al.*, 22 D.P.R. 53. La insuficiencia de la prueba de identificación aducida en el presente caso sería por sí sola razón bastante para la confirmación de la sentencia recurrida, la cual *debe ser confirmada*.

El Juez Presidente Sr. Del Toro no intervino.